HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ROBERT MITCHELL,

    Plaintiff,

    v.

T. FELKER, et al.,

    Defendants.

CASE NO. CV 08-1196RAJ

ORDER ON MOTIONS

## I. INTRODUCTION

This matter comes before the court on Plaintiff Robert Mitchell's motion (Dkt. # 26), to compel discovery responses, his motion (Dkt. # 28) for sanctions because Defendants failed to respond timely to the motion to compel, and his unopposed motion (Dkt. # 43) for service of his amended complaint[1] on two newly added Defendants. For the reasons stated below, the court GRANTS the motion to compel, DENIES the motion for sanctions, GRANTS the motion for service, and makes additional orders to begin bringing this action to a resolution.

## II. DISCUSSION

Mr. Mitchell is incarcerated at the California State Penitentiary in Sacramento ("CSP-Sacramento"), and has been since December 2007. Prior to that, he was incarcerated at High Desert State Prison ("HDSP"). He is African-American. He

---

[1] The court granted Mr. Mitchell leave to amend his complaint in an August 9, 2010 order. Dkt. # 42.

ORDER – 1

contends that while at HDSP, he and all other African-American inmates were placed on lockdown status for fourteen months, which included the loss of daily exercise time. Mr. Mitchell contends that he requires daily exercise to recuperate from arthroscopic surgery, and that he was unable to do so during the lockdown.

Mr. Mitchell filed at least one administrative complaint regarding the lockdown. He also apparently filed a state-court petition for a writ of habeas corpus. In response to these actions as well as several prior lawsuits Mr. Mitchell has filed against prison officials, he contends that prison officials retaliated against him. Among other things, they allegedly increased his security housing level, and transferred him to CSP-Sacramento, which is a maximum security prison. He contends that officials transferred him to moot his habeas corpus petition and to chill the exercise of his right to file grievances and lawsuits.

He filed this suit in May 2008. The suit was assigned to the undersigned judge in January 2009. The court granted Mr. Mitchell in forma pauperis status in May 2009, and ordered service of his complaint on approximately 20 prison official Defendants in August 2009. On November 10, 2009, the court entered an order setting a pretrial schedule and a March 31, 2010 discovery deadline. Mr. Mitchell served four sets of discovery requests before the end of that month, comprised of a set of interrogatories and a set of requests for production of documents ("RFPs") to Defendant Felker, and a set of interrogatories and RFPs to Defendant Tilton. The RFPs sought documents that are facially relevant to this action, including copies of policies relating to lockdowns and exercise and reports and correspondence regarding the lockdown(s) involving Mr. Mitchell. The interrogatories sought information on the same subjects.

In early January 2010, Defendants responded to Mr. Mitchell's discovery. They produced no documents, and they offered no substantive response to any interrogatory. Their responses consisted entirely of objections. The objections, in turn, were wholly non-substantive, almost entirely boilerplate, and sometimes nonsensical. Mr. Mitchell's

ORDER – 2

discovery requests were brief and clear; yet every objection insisted that they were vague or unintelligible. Defendants often objected that a particular request "assumes facts," whatever that might mean. Defendants contended that Mr. Mitchell sought documents or information subject to the attorney client privilege, but did not produce a privilege log or otherwise explain that objection. In short, Defendants' responses served only to obstruct discovery; no good faith basis for the objections is apparent.

Mr. Mitchell filed a motion to compel on February 17, 2010. The memorandum accompanying the motion was 70 pages long. Mr. Mitchell separately addressed every one of his discovery requests and every one of Defendants' objections. He explained how each request sought relevant information, and how Defendants' objections were unfounded.

Defendants' response to the motion to compel was due 21 days later, on March 10. E.D. Cal. L.R. 230(l). They did not timely respond. On March 12, Mr. Mitchell filed a motion to treat Defendants' failure to respond as a waiver to opposition of the motion.

On March 15, Defendants filed a two-page opposition to the motion to compel. The court reproduces the entirety of the substance of their opposition below:

> Defendants served substantive good-faith objections to the subject discovery. Many, if not most, of the requests were ambiguous in their language, compound, and overbroad. However, the objections stated in Defendants' responses are clearly set forth and are self-explanatory. None of the objections were taken or stated in bad faith or to avoid discovery. The request and interrogatories were stated in unclear language and were largely compound. . . .
>
> Further, Plaintiff never sent any letter addressing his concerns about Defendants' responses, in an effort to meet and confer.

Dkt. # 29 at 2. Defendants' counsel's attached declaration provides no additional information, except an admission that Mr. Mitchell left a voice message for counsel in an effort to discuss Defendants' discovery responses. Mr. Mitchell declares that he "left a

ORDER – 3

1  message on Defense Counsel's answering service in an effort to resolve our discovery
2  dispute." Dkt. # 31 at 4.

3       Before considering Mr. Mitchell's motion to compel, the court addresses his
4  request that the court treat the motion as unopposed. The court is empowered to do so.
5  E.D. Cal. L.R. 230(l) ("Failure of the responding party to file an opposition or to file a
6  statement of no opposition may be deemed a waiver of any opposition to the granting of
7  the motion and may result in the imposition of sanctions."). This is not the first time that
8  Mr. Mitchell has raised concerns about the timeliness of Defendants' responses to
9  motions and discovery. The court was initially willing to give Defendants the benefit of
10 the doubt. It is not willing to do so any longer. As to this motion, the court declines to
11 deem Defendants' untimely opposition to be a waiver. It does so only because, as
12 discussed below, consideration of Defendants' late opposition only benefits Mr. Mitchell.
13 If Defendants continue to fail to comply with deadlines that the Local Rules and this
14 court impose, the court will not hesitate to impose monetary sanctions. On the record
15 before the court, there is no excuse for Defendants' untimeliness.

16      The court has broad discretion to control discovery. *Childress v. Darby Lumber,*
17 *Inc.*, 357 F.3d 1000, 1009 (9th Cir. 2004). That discretion is guided by several principles.
18 Most importantly, the scope of discovery is broad. A party must respond to any
19 discovery request that is "reasonably calculated to lead to the discovery of admissible
20 evidence." Fed. R. Civ. P. 26(b)(1). The court, however, must limit discovery where its
21 "burden or expense . . . outweighs its likely benefit, considering the needs of the case, the
22 amount in controversy, the parties' resources, the importance of the issues at stake in the
23 action, and the importance of the discovery in resolving these issues." Fed. R. Civ. P.
24 26(b)(2)(C)(iii).

25      In exercising that discretion, however, the court bears in mind that it is the party
26 opposing discovery who carries a "heavy burden" to explain why it need not produce
27 requested discovery. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *see*
28 ORDER – 4

*also DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002) ("The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."). In this case, Defendants have completely abrogated this burden. They make no effort to explain their objections to Mr. Mitchell's discovery requests. They insist that their objections are "self-explanatory," but they are mistaken. Their objections are rote, and they make no effort to address the substance of Mr. Mitchell's requests. It is possible, of course, that Mr. Mitchell's requests are in some instances overbroad, or in some instances seek information whose production would unduly burden Defendants. Without any explanation from Defendants, however, the court has no way of making that determination.

Defendants' objection that Mr. Mitchell failed to meet and confer does not persuade the court. The Eastern District of California imposes strict requirements for meeting and conferring in advance of filing a discovery motion. E.D. Cal. L.R. 251. This court's November 10, 2009 scheduling order exempts the parties from compliance with that rule. Dkt. # 18 at 5. That order does, however, require compliance with Federal Rule of Civil Procedure 37. *Id.* Rule 37 includes its own meet-and-confer requirement. Fed. R. Civ. P. 37(a) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it with court action."). Defendants do not deny that Mr. Mitchell telephoned their counsel and left a message in an effort to meet and confer. They state merely that Mr. Mitchell failed to send a letter in an effort to meet and confer. He is not required to send a letter; his telephone call suffices. On this record, the court finds that Mr. Mitchell attempted to meet and confer, and Defendants made no effort to reciprocate.

For these reasons, the court grants Mr. Mitchell's motion to compel. This order will conclude with specific orders to Defendants to satisfy their discovery obligations.

ORDER – 5

Before concluding, however, the court notes that on June 30, 2010, the deadline for pretrial motions passed in this matter. Neither party brought a dispositive motion. In the court's scheduling order, it stated that it would set a trial date and related dates "following adjudication of any dispositive motion, or the expiration of time for filing such a motion if no such dispositive motions are filed." Dkt. # 18 at 6. Given Defendants' failure to produce discovery, this matter is not ready for trial. This order will conclude with specific orders designed to ready this case for trial.

### III. CONCLUSION

The court orders as follows:

1) Defendants shall provide complete responses to Mr. Mitchell's four sets of discovery requests, and shall do so no later than October 29. Defendants have waived any objections to those requests by failing to properly respond to Mr. Mitchell's motion to compel.

2) Defendants shall be responsible for arranging a telephone call with Mr. Mitchell during the week of November 8-12 to determine if he is satisfied with their discovery responses and whether further responses are necessary. The parties shall attempt to resolve any disputes.

3) If Mr. Mitchell chooses, he may file an additional motion to compel no later than November 30 if he finds Defendants' responses unsatisfactory. The court emphasizes that it does not encourage Mr. Mitchell to file such a motion, and that this order in no way excuses Mr. Mitchell from his obligation to reasonably limit the scope of his discovery requests.

4) After November 30, either in conjunction with an order addressing Mr. Mitchell's motion to compel or in a separate order if he does not file such a motion, the court will require the parties to meet and confer regarding a trial date and dates for pretrial submissions as described in paragraph 8 of the court's November 10, 2009 scheduling order.

ORDER – 6

5) The court grants Mr. Mitchell's unopposed motion for service of his amended complaint on Defendants M. Wright and F. Foulk. No later than October 11, Defendants' counsel shall file a notice with the court stating whether he will accept service of the amended complaint on behalf of those Defendants. If counsel declines to do so, the court will issue an order directing the United States Marshal to complete service.

6) All future motions and oppositions to motions in this action shall be limited to 25 pages. Mr. Mitchell's 70-page motion to compel was repetitive and unnecessarily long, and both he and the court will benefit from forcing him to be more concise. All future reply briefs shall be 12 pages or fewer.

DATED this 28th day of September, 2010.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 7