UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT MITCHELL,

        Plaintiff,                          CASE NO. 2:08-CV-1196 RAJ

        vs.

T. FELKER, et al.,

        Defendants.                      ORDER

_____/

      Plaintiff is a prisoner proceeding without counsel with an action under 42 U.S.C. § 1983. This case will be referred to Magistrate Judge Craig M. Kellison to conduct a settlement conference at Folsom State Prison (FSP) on January 27, 2011 at 9:00 a.m.

      The court issued a September 29, 2010 order requiring Defendants to provide substantive discovery responses no later than October 29. That order also required the parties to meet and confer after Plaintiff reviewed those discovery responses, and gave Plaintiff a deadline for filing a motion to compel additional responses. In the wake of that order, Plaintiff has filed three motions. The first two relate to discovery. Plaintiff first filed a motion for sanctions because he had not received discovery responses as of November 3. Dkt. # 47. He then filed a motion to compel contending that he still had not received some of the responses the court ordered, and challenging the adequacy of the responses that he had received. Dkt. # 50.

1

On December 8, Plaintiff filed a motion for appointment of counsel. Dkt. # 53.

On December 15, the parties jointly filed a request that the court set an early settlement conference. Dkt. # 55.

As noted above, the court will grant the request for the early settlement conference. That conference will take place whether or not Plaintiff is represented by counsel. Plaintiff's motion to appoint counsel focuses on his effort to obtain additional discovery. The court observes that despite his lack of counsel, Plaintiff has so far been successful in obtaining an order compelling additional discovery, and has filed two additional motions for discovery in accordance with that order. The court has inquired and been informed that Eastern District of California's pro bono panel currently has a backlog of prisoner plaintiffs for whom it is seeking counsel. Even were the court to grant Plaintiff's motion, the court could not appoint counsel from the panel prior to the January 27 settlement conference. Accordingly, the court takes no action on the motion to appoint counsel at this time. This order does not prevent Plaintiff from obtaining counsel without the assistance of the pro bono panel. Plaintiff's motion indicates that he has spoken to an attorney who has expressed interest in representing him. If Plaintiff already has an attorney willing to represent him pro bono, the court directs the Plaintiff to have that attorney contact Sujean Park, the Eastern District's ADR and Pro Bono Coordinator. If the attorney confirms his willingness to provide Plaintiff with pro bono representation, Ms. Park can instruct him regarding obtaining an order of appointment.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference on January 27, 2011, at 9:00 a.m. at FSP, 300 Prison Road, Represa, California 95671.

//

//

//

//

1        2. Defendants' lead counsel and a person with full and unlimited authority to
2  negotiate and enter into a binding settlement on defendants' behalf shall attend in person.[1]

3        3. Those in attendance must be prepared to discuss the claims, defenses and
4  damages.  The failure of any counsel, party or authorized person subject to this order to appear
5  in person may result in the imposition of sanctions.  In addition, the conference will not proceed
6  and will be reset to another date.

7        4. After the settlement conference, the parties shall promptly inform the court
8  whether they have resolved this case.  Should the settlement conference not result in the
9  resolution of this case, the court will resolve the pending discovery motions, and enter an order
10 directing the parties to ready this case for trial.

11       5. The Clerk of the Court is directed to serve a copy of this order on the
12 Litigation Office at FSP via facsimile at (916) 351-3086.

13 DATED: December 22, 2010

15 *Richard A. Jones* (signature)

16 The Honorable Richard A. Jones
United States District Judge

---

[1] The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F. 3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).