HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ROBERT MITCHELL,

    Plaintiff,

  v.

T. FELKER, et al.,

    Defendants.

CASE NO. C08-1196RAJ

ORDER REASSIGNING CASE

In this order, the court directs the clerk to terminate three of Plaintiff's pending motions. Dkt. ## 47, 50, 68. The court further directs the clerk to transfer this action to the Honorable Anthony W. Ishii, Chief Judge, so that Judge Ishii may reassign this action to another judge of the United States District Court for the Eastern District of California.

The court orders the reassignment of this action because Plaintiff has filed a motion (Dkt. # 70) for leave to amend his complaint to assert claims on behalf of a class of all inmates in the California Department of Corrections and Rehabilitation. With the exception of the conclusion it reaches later in this order, the court expresses no view on the merits of the motion to amend. The court finds, however, that it is far from ideal for a judge sitting in the Western District of Washington to consider presiding over a class action challenging policies at all of California's prisons. The court accordingly declines

ORDER – 1

to decide the motion to amend. That will be the task of the judge to whom this case is ultimately assigned.

There are three other motions from Plaintiff pending in this case. Two are discovery motions, the third is a motion for the appointment of counsel. The court directs the clerk to terminate the motion for appointment of counsel, because it is moot in light of the subsequent appearance of counsel on Plaintiff's behalf. The court's ruling on the discovery motions requires a discussion of the background of this case, a discussion that may assist the judge to whom this case is ultimately assigned.

This case began in May 2008. It was reassigned to this court in January 2009. At that time, Plaintiff's motion for leave to proceed *in forma pauperis* was pending and his complaint had yet to be served. This court issued an order granting Plaintiff leave to proceed *in forma pauperis* and ordered service of the complaint. The court issued a pretrial scheduling order in November 2009.

By February 2010, Plaintiff had filed the first of several motions to compel discovery. The court granted Defendants additional time to respond to discovery and otherwise attempted to encourage discovery responses. Defendants nonetheless refused to provide substantive discovery responses. Moreover, they failed to provide timely responses to Plaintiff's discovery motions. In September 2010, the court issued an order finding that Defendants had provided nothing of substance in response to the discovery requests, and instead provided objections that were "wholly non-substantive, almost entirely boilerplate, and sometimes nonsensical." Sept. 29, 2010 ord. (Dkt. # 44) at 2. The court also found that Defendants' responses "served only to obstruct discovery," and lacked a good faith basis. *Id.* at 3.

The court ordered Defendants to provide appropriate responses and set a schedule for resolving further discovery disputes. The two discovery motions now pending before the court, which Defendant filed in November 2010, were the result of that order.

ORDER – 2

1    The court deferred ruling on the discovery motions because the parties jointly
2 requested a settlement conference.  In a December 22, 2010 order, the court reserved
3 ruling on the discovery motions pending the outcome of the settlement conference.  Pro
4 bono counsel agreed to represent Plaintiff solely for purposes of the settlement
5 conference.  The conference, held on January 27 of this year, did not lead to a settlement.

6    In the wake of the settlement conference, Defendants replaced their private
7 counsel with counsel from the California Attorney General's office.  Shortly thereafter,
8 the court received notice that the attorney who had represented Plaintiff during the
9 settlement conference had agreed to provide continuing representation.  The attorney had
10 also obtained co-counsel, all of whom have entered appearances in this matter.

11   In April 2011, Plaintiff filed his motion to amend his complaint.  As noted, the
12 motion to amend seeks to transform this case into a class action on behalf of every
13 prisoner in California's state penal system.  For the reasons stated above, this court
14 believes that the decision on that motion should be made by a judge seated in California.

15   The court notes, however, that one of the arguments Defendants make in
16 opposition to the motion to amend is that this case is already long-delayed, and thus no
17 amendment is appropriate.  In this court's view, much of the delay in this case is
18 attributable to Defendants' dilatory conduct in response to Plaintiff's discovery requests.
19 The court rejects any suggestion that Plaintiff is responsible for any portion of the delay.

20   Finally, the court directs the clerk to terminate Plaintiff's discovery motions.
21 Those motions were the product of discovery conflicts between a plaintiff proceeding
22 without counsel and private counsel for Defendants.  Plaintiff now has counsel, and
23 Defendants' counsel has been replaced by representatives of the Attorney General's
24 office.  Should the judge to whom this case is ultimately assigned grant Plaintiff's motion
25 to amend, the scope of discovery is likely to change dramatically.  If that judge denies
26 Plaintiff's motion to amend, it is nonetheless likely that new counsel will be able to make
27 substantial progress resolving any outstanding discovery disputes.  Accordingly, the court

ORDER – 3

1  takes the motions off calendar without prejudice.  Following the ruling on the motion to
2  amend, counsel must confer regarding any discovery disputes.  Plaintiff is free to renew
3  his discovery motions if necessary.

DATED this 1st day of August, 2011.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 4