IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT MITCHELL,

        Plaintiff,                     No. CIV S-08-1196 JAM EFB P

   vs.

T. FELKER, et al.,

                            ORDER GRANTING LEAVE TO AMEND

        Defendants.

_____/

        Plaintiff is a prisoner with counsel suing for civil rights violations. *See* 42 U.S.C. § 1983. This action currently proceeds on the amended complaint filed on June 10, 2010, which plaintiff filed on his own behalf and in pro se prior to obtaining representation. Dckt. No. 37. Newly represented by counsel, plaintiff now seeks to file a second amended complaint which would add additional parties, allege certain claims on behalf of a state-wide class, and dismiss other parties and claims. For the reasons provided below, the court will grant plaintiff's motion.

**I.    Background**

        Plaintiff initiated this case pro se on May 30, 2008 to challenge, among other things, a series of allegedly race-based lockdowns to which he was subjected at High Desert State Prison

////

////

1

("HDSP") beginning on September 12, 2006. Dckt. No. 1 at 12-14.[1] Plaintiff alleged that, in response to his administrative appeal of the lockdowns, prison staff informed plaintiff that it was the policy of the California Department of Corrections and Rehabilitation ("CDCR") that "when there is an incident involving any race, all inmates of that race are locked up. Ethnic groups are appropriate in segmenting the inmate population during the process of establishing a regular program following an incident." *Id.* at 15. Plaintiff alleged that he was subjected to cruel and unusual punishment as a result of the lockdowns and that the lockdowns violated his rights to equal protection and due process. *Id.* at 17, 30-31, 38-44. Plaintiff further alleged that prison officials took adverse actions against him in response to his filing of grievances and lawsuits, constituting unlawful retaliation, obstruction of justice, and denial of access to the courts and violating his due process and equal protection rights. *Id.* at 17-27, 32-37, 45-48. Lastly, plaintiff asserted state-law claims of negligence and intentional infliction of emotional distress. *Id.* at 48-51.

The case was reassigned to visiting judge Richard A. Jones of the Western District of Washington in January 2009. Dckt. No. 7. Under Judge Jones, the case proceeded to service, and defendants filed an answer on October 22, 2009. Dckt. Nos. 8, 16. The pretrial discovery and scheduling order issued on November 10, 2009, setting the discovery deadline at March 31, 2010 and the pretrial motion deadline at June 30, 2010. Dckt. No. 18. Discovery disputes and plaintiff's first request for leave to file an amended complaint followed. Dckt. Nos. 22-31, 36-37, 39-41.

On August 9, 2010, Judge Jones granted plaintiff leave to file an amended complaint, which defendants had not opposed, making the amended complaint filed on June 9, 2010 (Docket No. 37) the operative pleading. Dckt. No. 42. The amended complaint substituted two named defendants for Doe defendants and made other clarifications but did not substantively

---

[1] Page numbers cited herein refer to those assigned by the court's electronic docketing system and not those assigned by the parties.

1  change the case. Defendants filed an answer to the amended complaint on January 27, 2011.
2  Dckt. No. 63.
3       On September 29, 2010, Judge Jones granted plaintiff's motion to compel, concluding
4  that defendants had failed to respond to plaintiff's discovery in good faith and that their
5  "responses served only to obstruct discovery." Dckt. No. 44 at 3. The court further found that
6  defendants' failure to produce discovery prevented the case from being trial-ready, despite the
7  passage of the pretrial motion deadline. *Id.* at 6. Plaintiff subsequently filed additional
8  discovery motions. Dckt. Nos. 47, 50. However, while these motions were pending, the court
9  appointed counsel to plaintiff for the limited purpose of assisting plaintiff in settlement
10 negotiations with defendants. Dckt. No. 60. That same counsel later agreed to provide
11 continuing representation to plaintiff and filed the instant motion for leave to amend. Dckt. Nos.
12 70, 74. In light of plaintiff's new representation, the court took the pending discovery motions
13 off calendar without prejudice. Dckt. No. 82 at 3-4. In the same order, Judge Jones directed the
14 transfer of the case back to a judge within the Eastern District of California, concluding that it
15 was "far from ideal for a judge sitting in the Western District of Washington to consider
16 presiding over an action challenging policies at all of California's prisons." *Id.* at 1. The case
17 accordingly found itself back before Judge John A. Mendez and the undersigned for
18 determination of the motion for leave to amend.
19      The proposed second amended complaint would change the case in the following ways:
20      (1) Adding three plaintiffs to the claims for injunctive and declaratory relief regarding
21 CDCR's lockdown policies who would seek to act, along with plaintiff, as representatives of a
22 class of "all prisoners who are now or will in the future be housed in a men's prison under the
23 jurisdiction of CDCR and who are now or will in the future be subject to CDCR's policy and
24 practice of implementing race-based lockdowns" and a similar class of prisoners who are or will
25 be "subject to CDCR's policy and practice of implementing excessively lengthy lockdowns."
26 Dckt. No. 70, Ex. A at 7.

1  (2) Adding defendants CDCR Secretary Matthew Cate, CDCR Undersecretary of
Operations Scott Kernan, CDCR Chief Deputy Secretary for Adult Operations Terri McDonald,
and CDCR Director of the Division of Adult Institutions George Giurbino, in their official
capacities, to the injunctive and declaratory relief claims. *Id.* at 5-6.

(3) Deleting the claims for retaliation, denial of access to courts, and obstruction of justice.

(4) Deleting defendants T. Barnard, R. Beamon, R. Blanthorn, C. Buckley, D. Cade, T. Kimzey, D. Leiber, T. Lockwood, A. Masuret, J. Mayfield, J. McClure, and J. Walker.

**II.  Analysis**

Under Federal Rule of Civil Procedure 15(a)(2), once a responsive pleading has been filed, a party may amend its pleading with the court's leave, which should be freely given "when justice so requires." "Rule 15's policy favoring amendments is liberally applied" by courts in the Ninth Circuit. *Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). Under Rule 15(a), once the defendant has filed a responsive pleading (as is the case here), "leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Id.*

However, once the district court has filed a pretrial scheduling order establishing a timetable for amending pleadings, but before the final pretrial conference, a party seeking to amend its pleadings must show good cause for modifying the scheduling order as required by Rule 16. *Id.* at 608. Rule 16's "good cause" standard differs from Rule 15's liberal standard by focusing primarily in the diligence of the party seeking amendment rather than that party's bad faith and the prejudice to the other party. *Id.* "Good cause" under Rule 16 means that the party seeking to amend could not have done so within the deadline provided by the scheduling order despite its diligence. *Id.*

The parties dispute whether Rule 15 or Rule 16 governs the instant motion to amend. As noted above, the scheduling order in this case issued on November 10, 2009. Dckt. No. 18. That

1   order did not expressly provide a separate deadline for motions to amend, but generally provided
2   that pretrial motions should be filed on or before June 30, 2010. *Id.* Plaintiff argues that the
3   scheduling order did not establish a deadline for motions to amend, which are not necessarily
4   "pretrial" motions, because they may be filed after trial has begun. Thus, under plaintiff's
5   reasoning, Rule 16 does not apply because the scheduling order did not cover motions to amend.
6   The court finds this argument unpersuasive. Under Rule 16(b)(3)(A), the pretrial scheduling
7   order is required to provide a deadline for amending the pleadings. Reading the court's
8   scheduling order consistently with this requirement, and in light of the fact that a motion to
9   amend that is filed prior to trial is, by definition, a pretrial motion, the court easily concludes that
10  the "pretrial motion" deadline of June 30, 2010 encompassed motions to amend filed before trial.
11      Nevertheless, the court considers the dispute over whether Rule 15 or 16 applies here
12  academic, as leave to amend is warranted under either standard.
13      Defendants first argue that the court should summarily deny the motion under Rule 16
14  because it was filed outside the pretrial motion deadline and plaintiff failed to request an
15  extension of that deadline. However, the court recognizes that, at the time the pretrial motion
16  deadline passed, plaintiff was unrepresented and in the midst of a protracted discovery dispute
17  with defendants. In fact, in his order transferring this case back to the Eastern District of
18  California, Judge Jones noted that "much of the delay in this case is attributable to Defendants'
19  dilatory conduct in response to Plaintiff's discovery requests" and rejected "any suggestion that
20  Plaintiff is responsible for any portion of the delay." Dckt. No. 44 at 3. Moreover, while a close
21  reading of Rule 16(b)(3)(A) and an understanding of pretrial practice leads the court to conclude
22  that motions to amend filed prior to trial were covered by the scheduling order, plaintiff could
23  easily have believed that the scheduling order did not encompass such motions, which were not
24  expressly mentioned in the order. Accordingly, the court does not consider the simple fact that
25  the motion was filed beyond the scheduling order's deadline sufficient justification for denying
26  the motion.

Defendants next argue that plaintiff did not act diligently in seeking to amend the complaint. According to defendants, diligence would have required that plaintiff notify the court of his wish to prosecute the case as a class action, request counsel for that purpose, and request modification of the scheduling order. As noted above, however, it was not manifestly clear that the scheduling order covered motions for leave to amend. Additionally, plaintiff could not have pursued the case as a class action without counsel, and, as a pro se litigant, may not have understood that his claims could form the basis of a class action until he began speaking with attorneys in January 2011. Dckt. No. 76, Ex. A (January 2011 letter from plaintiff to defense counsel indicating that attorneys were willing to represent him and potentially bring class claims); *see Jiminez v. Sambrano,* No. 04cv1833 L (PCL), 2009 U.S. Dist. LEXIS 28554, at *7-8 (S.D. Cal. Apr. 6, 2009) (finding that a plaintiff acted diligently in seeking leave to amend where the proposed new claim for damages was likely omitted from the original pleading due to plaintiff's former pro se status and lack of legal expertise). By that time, plaintiff could not have complied with the scheduling order deadline with any amount of diligence, as it had passed six months earlier.

In sum, the court finds that plaintiff could not have filed his motion for leave to amend by the June 30, 2010 scheduling order deadline despite his diligence and has thus shown "good cause" for failing to do so under Rule 16.

Defendants next argue that amendment should be denied under Rule 15 because the motion is untimely. Defendants point to the fact that the case was initiated over three years ago and has seen numerous motions and a previous amendment to the complaint. However, much of the time that has passed and motion work that has occurred since filing has been the result of defendants' failure to appropriately respond to plaintiff's discovery requests, as Judge Jones specifically noted in his transfer order. The court will not allow defendants to benefit from their own dilatory tactics by denying amendment simply because those tactics have drawn the case out thus far.

6

1	The court similarly rejects defendants' next argument that amendment should be denied
2 because it would cause undue delay.  Delay by itself is insufficient to justify denying a motion to
3 amend.  *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).  Thus, absent bad faith by plaintiff,
4 futility of amendment, or prejudice to defendants, the delay created by allowing amendment is
5 not cause to deny amendment.  Defendants do not claim that plaintiff is acting in bad faith or that
6 amendment will be futile.  For reasons provided below, the court concludes that amendment will
7 not prejudice defendants.  Accordingly, while the case may take longer to resolve following
8 amendment than it would have otherwise, such delay does not justify denying the motion to
9 amend.

10	Lastly, defendants argue that they will be prejudiced if the motion to amend is granted,
11 because the amendment will change the nature of the case by adding new plaintiffs and a
12 putative class of over 150,000 prisoners.  According to defendants, the proposed amendment will
13 change the scope of the case from one that challenged allegedly illegal lockdowns at HDSP to
14 one challenging all CDCR lockdowns.  The court has reviewed the initial and first amended
15 complaints in this action, however, and concludes that plaintiff has challenged statewide CDCR
16 policy regarding race-based lockdowns since the case's inception.  *See* Dckt. No. 1 at 15.  As
17 defendants themselves note, disallowing amendment will simply have the practical impact that
18 the proposed new plaintiffs will have to bring a separate action challenging CDCR's alleged
19 policy – a separate action that the proposed new CDCR defendants will have to defend.  Further,
20 the proposed amendment will not add any new legal or damages claim against any defendant; all
21 the proposed amendments would either remove currently existing claims or simply add the
22 necessary officials, sued in their official capacity, to defend the CDCR policy that has been at
23 issue since the case began.  The court consequently finds that defendants have not shown that
24 they will suffer prejudice justifying denial of the motion to amend.  *See DCD Programs, Ltd. v.*
25 *Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("The party opposing amendment bears the burden
26 of showing prejudice.").

In sum, the court finds that plaintiff has shown good cause for filing his motion for leave to file an amended complaint beyond the deadline set in the court's discovery and scheduling order and that amendment is appropriate under Rule 15.

**III.    Order**

Accordingly, it hereby is ORDERED that:

1. Plaintiff's April 27, 2011 motion to file an amended complaint (Docket No. 70) is granted; and

2. Defendants have 30 days from the date this order is served to respond to the amended complaint.

Dated: September 22, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE