1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT MITCHELL,

11            Plaintiff,                    No. CIV S-08-1196 JAM EFB P

12       vs.

13   T. FELKER, et al.,
                                          ORDER GRANTING LEAVE TO AMEND
14            Defendants.

15   _____/

16       Plaintiff is a prisoner with counsel suing for civil rights violations.  *See* 42 U.S.C. § 1983.

17   This action currently proceeds on the amended complaint filed on June 10, 2010, which plaintiff

18   filed on his own behalf and in pro se prior to obtaining representation.  Dckt. No. 37.  Newly

19   represented by counsel, plaintiff now seeks to file a second amended complaint which would add

20   additional parties, allege certain claims on behalf of a state-wide class, and dismiss other parties

21   and claims.  For the reasons provided below, the court will grant plaintiff's motion.

22   **I.    Background**

23       Plaintiff initiated this case pro se on May 30, 2008 to challenge, among other things, a

24   series of allegedly race-based lockdowns to which he was subjected at High Desert State Prison

25   ////

26   ////

1

("HDSP") beginning on September 12, 2006. Dckt. No. 1 at 12-14.[1]  Plaintiff alleged that, in response to his administrative appeal of the lockdowns, prison staff informed plaintiff that it was the policy of the California Department of Corrections and Rehabilitation ("CDCR") that "when there is an incident involving any race, all inmates of that race are locked up.  Ethnic groups are appropriate in segmenting the inmate population during the process of establishing a regular program following an incident."  *Id.* at 15.  Plaintiff alleged that he was subjected to cruel and unusual punishment as a result of the lockdowns and that the lockdowns violated his rights to equal protection and due process.  *Id.* at 17, 30-31, 38-44.  Plaintiff further alleged that prison officials took adverse actions against him in response to his filing of grievances and lawsuits, constituting unlawful retaliation, obstruction of justice, and denial of access to the courts and violating his due process and equal protection rights.  *Id.* at 17-27, 32-37, 45-48.  Lastly, plaintiff asserted state-law claims of negligence and intentional infliction of emotional distress.  *Id.* at 48-51.

        The case was reassigned to visiting judge Richard A. Jones of the Western District of Washington in January 2009.  Dckt. No. 7.  Under Judge Jones, the case proceeded to service, and defendants filed an answer on October 22, 2009.  Dckt. Nos. 8, 16.  The pretrial discovery and scheduling order issued on November 10, 2009, setting the discovery deadline at March 31, 2010 and the pretrial motion deadline at June 30, 2010.  Dckt. No. 18.  Discovery disputes and plaintiff's first request for leave to file an amended complaint followed.  Dckt. Nos. 22-31, 36-37, 39-41.

        On August 9, 2010, Judge Jones granted plaintiff leave to file an amended complaint, which defendants had not opposed, making the amended complaint filed on June 9, 2010 (Docket No. 37) the operative pleading.  Dckt. No. 42.  The amended complaint substituted two named defendants for Doe defendants and made other clarifications but did not substantively

---

        [1]Page numbers cited herein refer to those assigned by the court's electronic docketing system and not those assigned by the parties.

1    change the case.  Defendants filed an answer to the amended complaint on January 27, 2011.

2    Dckt. No. 63.

3      On September 29, 2010, Judge Jones granted plaintiff's motion to compel, concluding

4    that defendants had failed to respond to plaintiff's discovery in good faith and that their

5    "responses served only to obstruct discovery."  Dckt. No. 44 at 3.  The court further found that

6    defendants' failure to produce discovery prevented the case from being trial-ready, despite the

7    passage of the pretrial motion deadline.  *Id.* at 6.  Plaintiff subsequently filed additional

8    discovery motions.  Dckt. Nos. 47, 50.  However, while these motions were pending, the court

9    appointed counsel to plaintiff for the limited purpose of assisting plaintiff in settlement

10   negotiations with defendants.  Dckt. No. 60.  That same counsel later agreed to provide

11   continuing representation to plaintiff and filed the instant motion for leave to amend.  Dckt. Nos.

12   70, 74.  In light of plaintiff's new representation, the court took the pending discovery motions

13   off calendar without prejudice.  Dckt. No. 82 at 3-4.  In the same order, Judge Jones directed the

14   transfer of the case back to a judge within the Eastern District of California, concluding that it

15   was "far from ideal for a judge sitting in the Western District of Washington to consider

16   presiding over an action challenging policies at all of California's prisons."  *Id.* at 1.  The case

17   accordingly found itself back before Judge John A. Mendez and the undersigned for

18   determination of the motion for leave to amend.

19     The proposed second amended complaint would change the case in the following ways:

20     (1) Adding three plaintiffs to the claims for injunctive and declaratory relief regarding

21   CDCR's lockdown policies who would seek to act, along with plaintiff, as representatives of a

22   class of "all prisoners who are now or will in the future be housed in a men's prison under the

23   jurisdiction of CDCR and who are now or will in the future be subject to CDCR's policy and

24   practice of implementing race-based lockdowns" and a similar class of prisoners who are or will

25   be "subject to CDCR's policy and practice of implementing excessively lengthy lockdowns."

26   Dckt. No. 70, Ex. A at 7.

1   (2) Adding defendants CDCR Secretary Matthew Cate, CDCR Undersecretary of

2 Operations Scott Kernan, CDCR Chief Deputy Secretary for Adult Operations Terri McDonald,

3 and CDCR Director of the Division of Adult Institutions George Giurbino, in their official

4 capacities, to the injunctive and declaratory relief claims.  *Id.* at 5-6.

5   (3) Deleting the claims for retaliation, denial of access to courts, and obstruction of

6 justice.

7   (4) Deleting defendants T. Barnard, R. Beamon, R. Blanthorn, C. Buckley, D. Cade, T.

8 Kimzey, D. Leiber, T. Lockwood, A. Masuret, J. Mayfield, J. McClure, and J. Walker.

9 **II.** **Analysis**

10   Under Federal Rule of Civil Procedure 15(a)(2), once a responsive pleading has been

11 filed, a party may amend its pleading with the court's leave, which should be freely given "when

12 justice so requires."  "Rule 15's policy favoring amendments is liberally applied" by courts in

13 the Ninth Circuit.  *Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 607 (9th Cir. 1992).

14 Under Rule 15(a), once the defendant has filed a responsive pleading (as is the case here), "leave

15 to amend should be granted unless amendment would cause prejudice to the opposing party, is

16 sought in bad faith, is futile, or creates undue delay."  *Id.*

17   However, once the district court has filed a pretrial scheduling order establishing a

18 timetable for amending pleadings, but before the final pretrial conference, a party seeking to

19 amend its pleadings must show good cause for modifying the scheduling order as required by

20 Rule 16.  *Id.* at 608.  Rule 16's "good cause" standard differs from Rule 15's liberal standard by

21 focusing primarily in the diligence of the party seeking amendment rather than that party's bad

22 faith and the prejudice to the other party.  *Id.*  "Good cause" under Rule 16 means that the party

23 seeking to amend could not have done so within the deadline provided by the scheduling order

24 despite its diligence.  *Id.*

25   The parties dispute whether Rule 15 or Rule 16 governs the instant motion to amend.  As

26 noted above, the scheduling order in this case issued on November 10, 2009.  Dckt. No. 18.  That

1   order did not expressly provide a separate deadline for motions to amend, but generally provided

2   that pretrial motions should be filed on or before June 30, 2010.  *Id.*  Plaintiff argues that the

3   scheduling order did not establish a deadline for motions to amend, which are not necessarily

4   "pretrial" motions, because they may be filed after trial has begun.  Thus, under plaintiff's

5   reasoning, Rule 16 does not apply because the scheduling order did not cover motions to amend.

6   The court finds this argument unpersuasive.  Under Rule 16(b)(3)(A), the pretrial scheduling

7   order is required to provide a deadline for amending the pleadings.  Reading the court's

8   scheduling order consistently with this requirement, and in light of the fact that a motion to

9   amend that is filed prior to trial is, by definition, a pretrial motion, the court easily concludes that

10  the "pretrial motion" deadline of June 30, 2010 encompassed motions to amend filed before trial.

11          Nevertheless, the court considers the dispute over whether Rule 15 or 16 applies here

12  academic, as leave to amend is warranted under either standard.

13          Defendants first argue that the court should summarily deny the motion under Rule 16

14  because it was filed outside the pretrial motion deadline and plaintiff failed to request an

15  extension of that deadline.  However, the court recognizes that, at the time the pretrial motion

16  deadline passed, plaintiff was unrepresented and in the midst of a protracted discovery dispute

17  with defendants.  In fact, in his order transferring this case back to the Eastern District of

18  California, Judge Jones noted that "much of the delay in this case is attributable to Defendants'

19  dilatory conduct in response to Plaintiff's discovery requests" and rejected "any suggestion that

20  Plaintiff is responsible for any portion of the delay."  Dckt. No. 44 at 3.  Moreover, while a close

21  reading of Rule 16(b)(3)(A) and an understanding of pretrial practice leads the court to conclude

22  that motions to amend filed prior to trial were covered by the scheduling order, plaintiff could

23  easily have believed that the scheduling order did not encompass such motions, which were not

24  expressly mentioned in the order.  Accordingly, the court does not consider the simple fact that

25  the motion was filed beyond the scheduling order's deadline sufficient justification for denying

26  the motion.

1           Defendants next argue that plaintiff did not act diligently in seeking to amend the

2 complaint.  According to defendants, diligence would have required that plaintiff notify the court

3 of his wish to prosecute the case as a class action, request counsel for that purpose, and request

4 modification of the scheduling order.  As noted above, however, it was not manifestly clear that

5 the scheduling order covered motions for leave to amend.  Additionally, plaintiff could not have

6 pursued the case as a class action without counsel, and, as a pro se litigant, may not have

7 understood that his claims could form the basis of a class action until he began speaking with

8 attorneys in January 2011.  Dckt. No. 76, Ex. A (January 2011 letter from plaintiff to defense

9 counsel indicating that attorneys were willing to represent him and potentially bring class

10 claims); *see Jiminez v. Sambrano,* No. 04cv1833 L (PCL), 2009 U.S. Dist. LEXIS 28554, at *7-8

11 (S.D. Cal. Apr. 6, 2009) (finding that a plaintiff acted diligently in seeking leave to amend where

12 the proposed new claim for damages was likely omitted from the original pleading due to

13 plaintiff's former pro se status and lack of legal expertise).  By that time, plaintiff could not have

14 complied with the scheduling order deadline with any amount of diligence, as it had passed six

15 months earlier.

16           In sum, the court finds that plaintiff could not have filed his motion for leave to amend by

17 the June 30, 2010 scheduling order deadline despite his diligence and has thus shown "good

18 cause" for failing to do so under Rule 16.

19           Defendants next argue that amendment should be denied under Rule 15 because the

20 motion is untimely.  Defendants point to the fact that the case was initiated over three years ago

21 and has seen numerous motions and a previous amendment to the complaint.  However, much of

22 the time that has passed and motion work that has occurred since filing has been the result of

23 defendants' failure to appropriately respond to plaintiff's discovery requests, as Judge Jones

24 specifically noted in his transfer order.  The court will not allow defendants to benefit from their

25 own dilatory tactics by denying amendment simply because those tactics have drawn the case out

26 thus far.

1    The court similarly rejects defendants' next argument that amendment should be denied

2    because it would cause undue delay.  Delay by itself is insufficient to justify denying a motion to

3    amend.  *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).  Thus, absent bad faith by plaintiff,

4    futility of amendment, or prejudice to defendants, the delay created by allowing amendment is

5    not cause to deny amendment.  Defendants do not claim that plaintiff is acting in bad faith or that

6    amendment will be futile.  For reasons provided below, the court concludes that amendment will

7    not prejudice defendants.  Accordingly, while the case may take longer to resolve following

8    amendment than it would have otherwise, such delay does not justify denying the motion to

9    amend.

10    Lastly, defendants argue that they will be prejudiced if the motion to amend is granted,

11    because the amendment will change the nature of the case by adding new plaintiffs and a

12    putative class of over 150,000 prisoners.  According to defendants, the proposed amendment will

13    change the scope of the case from one that challenged allegedly illegal lockdowns at HDSP to

14    one challenging all CDCR lockdowns.  The court has reviewed the initial and first amended

15    complaints in this action, however, and concludes that plaintiff has challenged statewide CDCR

16    policy regarding race-based lockdowns since the case's inception.  *See* Dckt. No. 1 at 15.  As

17    defendants themselves note, disallowing amendment will simply have the practical impact that

18    the proposed new plaintiffs will have to bring a separate action challenging CDCR's alleged

19    policy – a separate action that the proposed new CDCR defendants will have to defend.  Further,

20    the proposed amendment will not add any new legal or damages claim against any defendant; all

21    the proposed amendments would either remove currently existing claims or simply add the

22    necessary officials, sued in their official capacity, to defend the CDCR policy that has been at

23    issue since the case began.  The court consequently finds that defendants have not shown that

24    they will suffer prejudice justifying denial of the motion to amend.  *See DCD Programs, Ltd. v.*

25    *Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("The party opposing amendment bears the burden

26    of showing prejudice.").

1    In sum, the court finds that plaintiff has shown good cause for filing his motion for leave

2    to file an amended complaint beyond the deadline set in the court's discovery and scheduling

3    order and that amendment is appropriate under Rule 15.

4    **III.    Order**

5    Accordingly, it hereby is ORDERED that:

6    1. Plaintiff's April 27, 2011 motion to file an amended complaint (Docket No. 70) is

7    granted; and

8    2.  Defendants have 30 days from the date this order is served to respond to the amended

9    complaint.

10   Dated:  September 22, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE