IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT MITCHELL, et al.,

        Plaintiffs,                  No. 2:08-cv-1196 JAM EFB P

    vs.

T. FELKER, et al.,

        Defendants.               STATUS (PRETRIAL SCHEDULING) ORDER

                               /

       This proceeding was referred to this court under Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636(b)(1). On August 22, 2012, the case was before the undersigned for a status (pretrial scheduling) conference. Attorneys Rebekah Evenson and Donald Spector appeared on behalf of plaintiffs; attorneys Damon McClain and Christopher Becker appeared on behalf of defendants. After hearing, and pursuant to the parties' joint status report, Dckt. No. 119, the court enters the following scheduling order:[1]

////

////

////

---

[1] Some of the dates agreed upon by the parties at the hearing are herein modified to ensure that there is sufficient time to resolve the various pretrial matters.

1

SERVICE OF PROCESS

Service of process is undisputed and defendants have answered.

JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown. However, defendants sued in their official capacities may be substituted when the individual leaves office and is replaced by another individual. Fed. R. Civ. P. 25(d). Additionally, plaintiffs indicate that it may become necessary for them to move to substitute class representatives.

JURISDICTION/VENUE

Jurisdiction and venue are not disputed.

RULE 26 INITIAL DISCLOSURES

At the status (pretrial scheduling) conference, all parties agree to provide their initial Rule 26 disclosures within thirty days. Therefore, all Rule 26 initial disclosures shall be provided on or before September 21, 2012.

MOTION HEARING SCHEDULES[2]

All law and motion, except as to discovery, shall be *completed* by Wednesday, July 3, 2013. The word "completed" in this context means that all law and motion matters must be heard by the above date. Counsel (and/or pro se parties) are cautioned to refer to the Local Rules regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar. This paragraph does not preclude motions for continuances, temporary restraining orders or other emergency applications, and is subject to any special scheduling set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

////

---

[2] Plaintiffs anticipate moving for class certification in approximately three to five months and may also move for preliminary relief. Defendants anticipate opposing class certification and moving for summary judgment both before and after class certification.

The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues that are susceptible to resolution without trial. To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence gleaned through discovery. If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion by the law and motion cutoff set forth above.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION. Counsel are reminded that motions in limine are procedural devices designed to address the admissibility of evidence. COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

DISCOVERY

All non-expert discovery shall be *completed* by March 13, 2013, and all expert discovery shall be *completed* by May 20, 2013. The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with. Motions to compel non-expert discovery must be noticed on the undersigned's calendar in accordance with the Local Rules and must be *heard* not later than Wednesday, February 13, 2013.[3]

////

////

---

[3] At the status conference, the court denied without prejudice defendants' request to bifurcate discovery. The court also denied without prejudice plaintiffs' requests for (1) a rule requiring that all portions of an email "family" or "string" be produced if the single email or email attachment is responsive to a request, and (2) leave of court to take 20 depositions. *See* Dckt. No. 119 at 7-12.

3

EXPERT DISCLOSURE

The parties are to designate in writing, and serve upon all other parties, the names of all experts they propose to tender at trial in accordance with the following schedule: initial expert disclosures on or before March 13, 2013; rebuttal expert disclosures on or before April 8, 2013.

An expert witness not appearing on said lists will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity of the witness could not have been reasonably anticipated at the time the lists were exchanged; (b) the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly proffered for deposition. Failure to provide the information required along with the expert designation may lead to preclusion of the expert's testimony or other appropriate sanctions.

For the purposes of this scheduling order, experts are defined as "percipient" and "Rule 26" experts. Both types of experts shall be listed. Percipient experts are persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case. Another term for their opinions are "historical opinions." Percipient experts are experts who, unless also designated as Rule 26 experts, are limited to testifying to their historical opinions and the reasons for them. That is, they may be asked to testify about their opinions given in the past and the whys and wherefores concerning the development of those opinions. However, they may not be asked to render a current opinion for the purposes of the litigation.

Rule 26 experts, who may be percipient experts as well, shall be specifically designated by a party to be a testifying expert for the purposes of the litigation.[4] The Rule 26 expert may express opinions formed for the purposes of the litigation. A party designating a Rule 26 expert will be assumed to have acquired the express permission of the witness to be so listed.

////

---

[4] The court is not interested in a designation of non-testifying Rule 26 experts.

4

The parties shall comply with the information disclosure provisions of Federal Rule of Civil Procedure 26(a)(2) for any expert, who is in whole or in part designated as a Rule 26 expert. This information is due at the time of designation. Failure to supply the required information may result in the Rule 26 expert being stricken. All Rule 26 experts are to be fully prepared to render an informed opinion at the time of *designation* so that they may fully participate in any deposition taken by the opposing party. Rule 26 experts will not be permitted to testify at trial as to any information gathered or evaluated, or opinion formed, which should have been reasonably available at the time of designation. The court will closely scrutinize for discovery abuse deposition opinions which differ markedly in nature and/or in bases from those expressed in the mandatory information disclosure.

<u>FINAL PRETRIAL CONFERENCE</u>

The final pretrial conference is set before the undersigned on Wednesday, August 28, 2013 at 10:00 a.m. in Courtroom No. 24. Counsel are cautioned that counsel appearing for pretrial will in fact try the matter. Counsel for all parties are to be fully prepared for trial at the time of the pretrial conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. Counsel are referred to Local Rules 281 and 282 relating to pretrial statements and conferences. A FAILURE TO COMPLY WITH LOCAL RULES 281 AND 282 WILL BE GROUNDS FOR SANCTIONS.

Notwithstanding Local Rule 281, the parties shall submit a *joint pretrial statement* not later than seven (7) days prior to the pretrial conference. The joint pretrial statement shall conform with the requirements of Local Rule 281(b). The undisputed facts and disputed factual issues shall be set forth in two separate sections. The parties should identify those facts which are relevant to each separate cause of action. In this regard, the parties are to number each individual fact or factual issues. Where the parties are unable to agree as to what factual issues are properly before the court for trial, they should nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the

5

controversy concerning each issue. The parties should keep in mind that, in general, each fact should relate or correspond to an element of the relevant cause of action. The parties should also keep in mind that the purpose of listing the disputed factual issues is to apprise the court and all parties about the precise *issues* that will be litigated at trial. *The court is not interested in a listing of all evidentiary facts underlying the issues that are in dispute.*[5]

Pursuant to Local Rule 281(b)(10) and (11), the parties are required to provide in their pretrial statement a list of witnesses and exhibits that they propose to proffer at trial, no matter for what purpose. Plaintiff's exhibits shall be listed numerically; defendant's exhibits shall be listed alphabetically. The pretrial order will contain a stringent standard for the proffering of witnesses and exhibits at trial not listed in the pretrial order. Counsel are cautioned that the standard will be strictly applied. On the other hand, the listing of exhibits or witnesses which counsel do not intend to use will be viewed as an abuse of the court's processes.

Counsel are reminded that, pursuant to Federal Rule of Civil Procedure 16, it will be their duty at the pretrial conference to aid the court in (a) formulation and simplification of issues and the elimination of meritless claims or defenses; (b) settling of facts which should be properly admitted; and (c) avoidance of unnecessary proof and cumulative evidence. The parties must prepare their joint pretrial statement, and participate in good faith at the pretrial conference, with these aims in mind. A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF SANCTIONS which may include monetary sanctions, orders precluding proof, eliminations of claims or defenses, or such other sanctions as the court deems appropriate.

TRIAL SETTING

A jury trial is set to commence before the Honorable John A. Mendez on October 21, 2013 at 9:00 a.m. in Courtroom No. 6. Plaintiffs anticipate a five to ten day trial.

////

---

[5] However, with respect to the listing of undisputed facts, the court will accept agreements as to evidentiary facts.

6

SETTLEMENT CONFERENCE

A settlement conference will be set at the request of the parties at the time of the final pretrial conference. If the parties conclude that an earlier settlement conference would likely resolve the case, they may contact the clerk to request that one be scheduled.

SUMMARY OF ORDER

The Court summarizes this order as follows:

1. All Rule 26 initial disclosures shall be provided on or before September 21, 2012.

2. The parties may conduct non-expert discovery until March 13, 2013. Motions to compel non-expert discovery must be heard no later than Wednesday, February 13, 2013.

3. The parties shall make their initial expert disclosures on or before March 13, 2013, and rebuttal expert disclosures on or before April 8, 2013. The parties may conduct expert discovery until May 20, 2013.

4. All pretrial motions, except motions to compel discovery, shall be completed as described herein on or before July 3, 2013.

5. The final pretrial conference is set before the undersigned on Wednesday, August 28, 2013, at 10:00 a.m. in Courtroom No. 24.

6. A jury trial is set to commence before the Honorable John A. Mendez on Monday, October 21, 2013 at 9:00 a.m. in Courtroom No. 6.

IT IS SO ORDERED.

DATED: August 27, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE