PRISON LAW OFFICE
DONALD SPECTER (SBN 83925)
REBEKAH EVENSON (SBN 207825)
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: 510.280.2621
Facsimile: 510.280.2704
dspecter@prisonlaw.com
revenson@prisonlaw.com

BINGHAM MCCUTCHEN LLP
WARREN E. GEORGE (SBN 53588)
MANU PRADHAN (SBN 253026)
HEATHER SHOOK (SBN 268716)
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone:  415.393.2000
Facsimile:  415.393.2286
warren.george@bingham.com
manu.pradhan@bingham.com
heather.shook@bingham.com

Attorneys for Plaintiffs

KAMALA D. HARRIS
Attorney General of California
DAMON G. McCLAIN, (SBN 209508)
Deputy Attorney General
CHRISTOPHER J. BECKER, (SBN 230529)
Deputy Attorney General
ERIN SULLIVAN (SBN 242757)
Deputy Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, Ca 94102-7004
Telephone:  415.703.5750
Facsimile:  415.703.5843
Email:  Damon.McClain@doj.ca.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MITCHELL, et al.,<br><br>        Plaintiffs,<br>    v.<br><br>MATTHEW CATE, et al.,<br><br>        Defendants. | Case No. 2:08-CV-01196 JAM EFB<br><br>**STIPULATION AND [P̶R̶O̶P̶O̶S̶E̶D̶] PROTECTIVE ORDER** |

**IT IS STIPULATED BY THE PARTIES, BY AND THROUGH THEIR RESPECTIVE COUNSEL, AND ORDERED BY THE COURT AS FOLLOWS:**

**A.     CONFIDENTIAL MATERIAL AND INFORMATION SUBJECT TO THIS PROTECTIVE ORDER**

The parties shall be entitled to designate in good faith which discovery responses are confidential. The criteria for such a designation shall be whether a party believes in good faith that the information is entitled to protection from disclosure under California state law, including but not limited to the names and numbers of prisoners, confidential employment records for CDCR Employees, and information that might compromise the safety or security of a prison or prisoner.

**B.     CONDITIONS FOR RELEASE OF CONFIDENTIAL DOCUMENTS**

**1.**     Any party may designate discovery responses, documents produced in discovery, or deposition transcripts as confidential by producing such documents on pink or lilac-colored paper, by stamping them as "confidential" on their face, by watermarking them, or by other mutually agreeable means. If a party does not indicate that a particular Document is confidential at the time it is produced, it will be presumed not confidential, without prejudice to the party's right to assert confidentiality at a later time.

**2.**     Plaintiffs' counsel is prohibited from disclosing any confidential documents or information to Plaintiffs, any other inmate presently or previously in the custody of CDCR, any relatives or associates of an inmate presently or previously in the custody of the CDCR, or any other member of the public, except as described in Paragraph 3 below.

**3.**     Unless the Court Orders otherwise, confidential documents and the information contained therein may be disclosed only to the following persons:

    a.     Counsel of record;

    b.     Paralegal, attorney, stenographic, clerical, and secretarial personnel employed by counsel of record;

    c.     Court personnel, stenographic reporters, and videographers engaged in such proceedings that are incidental to preparation for the trial in this action;

        d.     Any outside expert or consultant retained by the parties for purposes of this litigation; and

        e.     Non-inmate witnesses to whom the documents and the information contained in the documents may be disclosed during, or in preparation for, a deposition taken in this matter, or otherwise during the preparation for trial and during trial, provided that the witness may not leave any deposition with copies of any of the confidential documents, and shall be informed of and shall agree to be bound by the terms of this order.

**4.**     Each person to whom the parties' counsel disclose confidential information shall, prior to the time of disclosure, be provided with a written notice.  The notice shall specify that the documents and information shall not be disclosed except as provided herein, that the documents and information are subject to this protective order in the United States District Court for the Eastern District of California, and that a violation of the confidentiality provisions may lead to enforcement action, including, but not limited to, any proceeding for civil or criminal contempt.

**5.**     Plaintiffs' and Defendants' counsel, including paralegal, stenographic, clerical, and secretarial personnel employed by counsel of record shall not make copies of the confidential documents, or provide originals to anybody, except as necessary for purposes of this litigation, *Mitchell v. Cate, et al.,* USDC, Eastern District of California, Case No. 2:08-CV-01196 JAM EFB, including appeals.  Plaintiffs' and Defendants' counsel are responsible to ensure that these individuals comply with this protective order.

**6.**     At the conclusion of this litigation, including appeals, all confidential documents, including copies, shall be destroyed or returned to the producing party.

**7.**     All confidential documents and the information contained therein shall be used solely in connection with this litigation, including appeals, and not for any other purpose, including other litigation.

**8.**     All confidential documents that are filed with the Court shall be filed with a request to seal documents in accordance with Eastern District of California Local Rule 141.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

~~under seal, labeled with a cover sheet bearing the case name along with the following statement:~~ ~~"This document is subject to a protective order issued by the Court and shall not be examined or copied except in compliance with that order."~~  Upon failure of the filing party to file confidential documents ~~under seal~~ in accordance with Local Rule 141, any party may request that the Court place the document under seal.

**9.** Nothing in this protective order is intended to prevent officials or employees of the State of California, or other authorized government officials, from having access to confidential documents to which they would have access in the normal course of their official duties.

**10.** The provisions of this protective order are without prejudice to the right of any party:

    a. To apply to the Court for a further protective order relating to any confidential documents or material, or relating to discovery in this litigation;

    b. To apply to the Court for an order removing the confidential material designation from any documents; or

    c. To object to a discovery request.

**11.** This Protective Order shall be binding on the parties as of the date it is signed by the parties.  The provisions of this order shall remain in full force and effect until further order of this Court.

**C.    HANDLING OF CONFIDENTIAL DOCUMENTS AT TRIAL**

To the extent any party seeks to use documents designated as "confidential" as exhibits at trial, the parties shall meet and confer in an attempt to obtain agreement regarding the handling of such materials during trial, and either party may petition the court for a resolution of this matter, as provided in Local Rule 141.1(b)(2).

///

///

///

**IT IS SO STIPULATED.**

September 13, 2012              /s/
                                DAMON MCCLAIN
                                Attorneys for Defendants

September 13, 2012              /s/
                                REBEKAH EVENSON
                                Attorneys for Plaintiffs

**IT IS SO ORDERED**.

Dated: September 17, 2012.      _____
                                EDMUND F. BRENNAN
                                UNITED STATES MAGISTRATE JUDGE

STIPULATION AND [PROPOSED] PROTECTIVE ORDER