1
2
3
4
5
6
7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

12   **ROBERT MITCHELL, et al.,**                 Case No. 2:08-CV-01196 JAM EFB

                                    Plaintiffs,   **[PROPOSED] ORDER RE DISCOVERY**
13                                                **DISPUTE**

14          **v.**

15   **MATTHEW CATE, et al.,**

16                                   Defendants.

17

18          This case was before the undersigned on October 10, 2012, for a hearing on Plaintiffs'

19   discovery motion concerning site inspections.  Attorney Rebekah Evenson appeared at the

20   hearing on behalf of Plaintiffs, and attorneys Damon McClain and Christopher Becker appeared

21   on behalf of Defendants.  For the reasons set forth herein and stated on the record at the hearing,

22   Plaintiffs' motion is denied.

23          Plaintiffs' motion sought an order permitting their experts to informally question prison

24   staff during site inspections at three prisons, and an order requiring that Defendants allow

25   Plaintiffs' counsel to accompany Defendants' experts on any prison visits.

26          Plaintiffs' proposed informal questioning of prison staff would amount to a roving

27   deposition taken without notice, and could lead to Plaintiffs' experts relying on inaccurate or

28   unreliable information.  Additionally, such informal questioning would deprive Defendants of the

1

1   protections and safeguards prescribed by Rule 30 of the Federal Rules of Civil Procedure for oral

2   depositions, such as advance notice to the deponent, a formal record of the deposition to ensure

3   accuracy, and an oath or affirmation to ensure the veracity and reliability of the testimony.  Fed.

4   R. Civ. P. 30(b).  Accordingly, Plaintiffs' request to informally question staff at the prisons (Dckt.

5   No. 124) is denied.

6         Plaintiffs' request to accompany Defendants' experts on prison visits would constitute an

7   impermissible invasion into privileged communications between Defendants, their counsel, and

8   their expert consultants as they work together to evaluate Plaintiffs' claims and prepare a defense,

9   and would also violate the work-product privilege.  *See* Fed. R. Civ. P. 26(b)(4)(C).  Accordingly,

10  Plaintiffs' request that their counsel accompany Defendants' experts during any prison visits

11  (Dckt. No. 124) is denied.

12

13  Dated:  October 17, 2012.

                                    EDMUND F. BRENNAN
14                                  UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Re Discovery Dispute (2:08-CV-01196 JAM EFB)