IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT MITCHELL, et al.,

    Plaintiffs,                No. 2:08-cv-1196 JAM EFB P

    vs.

T. FELKER, et al.,

<u>ORDER</u>

    Defendants.

_____/

    Plaintiffs are California prison inmates proceeding with counsel in an action under 42 U.S.C. § 1983.  Currently before the court are plaintiffs' motions for class certification (Dckt. No. 155) and for a preliminary injunction prohibiting defendants from imposing race-based lockdowns in any California prison during the pendency of this action (Dckt. No. 156). Defendants seek an extension of 72 days to file their oppositions to the motions.  Dckt. No. 171.

    Under Federal Rule of Civil Procedure 6(b)(1), the court may grant the request for an extension of time "for good cause."  The U.S. Court of Appeals for the Ninth Circuit has stated that requests for extensions of time under Rule 6(b)(1), made before the applicable deadline has passed, should normally be granted in the absence of bad faith or prejudice to the opposing party. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010).

////

Plaintiffs filed the two pending motions on March 5, 2013, improperly noticing them before District Judge Mendez. Dckt. No. 167. Plaintiffs re-noticed the motions before the undersigned on March 7, 2013, setting the hearing on the motions for April 3, 2013. Dckt. Nos. 169, 170. Under the Local Rules of this court, defendants' opposition papers are currently due March 20, 2013. E.D. Cal. L.R. 230(c). Defendants argue that this deadline provides them with inadequate time to oppose "the complex and fact-intensive issues" raised by plaintiff's motions. Dckt. No. 171 at 2. Defendants note that the motions, with exhibits, total 646 pages. *Id.* According to defendants, they are currently mired in extensive discovery on this case, which will continue until the close of discovery on April 30, 2013. *Id.*; *see* Dckt. No. 151 (non-expert discovery closes on April 30, 2013).

Defendants sought plaintiffs' stipulation to an extension, but plaintiffs would agree to only a two-week extension, which defendants argue is unreasonable because it would still require defendants to prepare the oppositions while their resources are heavily engaged in discovery. Dckt. No. 171 at 3. Defendants argue that no exigency exists that requires plaintiffs' motions to be heard as currently noticed, noting that the case was pending for nearly five years prior to plaintiffs' filing of the motions. *Id.* at 4.

Plaintiffs oppose defendants' requested extension. Dckt. No. 175. According to plaintiffs, defendants have not demonstrated good cause for the extension. Plaintiffs first argue that "[a] claimed inability to make a timely filing due to asserted staffing issues has been held not to constitute good cause for extensions or delays in briefing," citing *Guillen v. Owens*, No. CV-10-226-PHX-JWS (LOA), 2011 U.S. Dist. LEXIS 139912 (D. Ariz. Mar. 2, 2012). In *Guillen*, the court denied an extension of time for filing a dispositive motion that was sought by an attorney who argued that he needed the extension because he had been "recently" appointed to the case, but who, in fact, had been appointed 30-days prior to the motion for extension of time. *Id.* at *3. The court further noted that the attorney could avail himself of the assistance of the prior attorney in preparing the motion. *Id.* at *3-4. *Guillen* does not present a scenario

similar to that presented here, where plaintiffs' motions seek to certify a class of tens-of-thousands and to impose an injunction on defendants that would change the way the State of California operates all of its prisons. These motions are not run-of-the-mill dispositive motions, but instead are lengthy and complex, as defendants argue. Nor did the moving party in *Guillen* face the deluge of discovery described by defendants in this case.

Plaintiffs next argue that defendants' delay in producing responsive discovery is partially why they are still so busy with discovery. Past discovery disputes notwithstanding, the parties have agreed to the current discovery schedule. Dckt. No. 151. Plaintiffs do not dispute defendants' characterization of the large scope of discovery.

Plaintiffs contend that defendants must establish that they have been diligent in order to obtain an extension but have not done so. Plaintiff's citations refer to requests for modification of a scheduling order under Federal Rule of Civil Procedure 16(b), and not Rule 6(b), which plaintiff's concede governs here. *See* Dckt. No. 175 (citing Rule 6(b), *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011) (determining good cause under Rule 16(b)), and *Guillen*, 2011 U.S. Dist. LEXIS 139912 (determining good cause under Rule 6(b) by inexplicably applying Rule 16(b) standard)). As the Ninth Circuit has noted, the Rule 6(b) good cause standard is "non-rigorous." *Ahanchian*, 624 F.3d at 1259 (finding good cause where a party faced an "exceptionally constrained deadline" which immediately followed a holiday weekend). Moreover, even if the instant motion is governed by Rule 16(b) and defendants must therefore demonstrate diligence, defendants' filing of their motion prior to the expiration of the due date of their briefs and their evidence showing that they have been devoting significant resources to respond to formidable discovery requests demonstrates diligence.

Lastly, plaintiffs argue that they suffer irreparable harm each day that the state is allowed to continue its race-based lockdown practices and ask that any extension of time be conditioned on the state ceasing such practices during the extended time. While the court recognizes plaintiffs' interest in ending the lockdown policies that are the subject of this litigation, the

extension sought by defendants will not unduly delay the case. Indeed, the motions will be heard by the court well before the dispositive motion deadline. *See* Dckt. No. 151 (dispositive motions to be filed on or before August 19, 2013). As to plaintiffs' request that defendants be ordered to cease implementation of the lockdown policy during the interim, the court is unaware of any authority for such an order (and plaintiffs have cited none). In effect, plaintiffs are requesting temporary injunctive relief prior to hearing on their motion for a preliminary injunction without complying with the federal and local rules for doing so. The court declines to grant such a temporary injunction or impose such requirement on defendants as a condition of an extension of time.

For the reasons stated herein, the court ORDERS that defendants' March 11, 2013 motion for an extension of time (Dckt. No. 171) is GRANTED, and defendants shall have until May 31, 2013 to oppose plaintiff's motions for class certification and preliminary injunction. The date currently set for hearing on the motions (April 3, 2013) is vacated, and the court will hear argument on the motions on June 12, 2013 at 10:00 a.m. in Courtroom No. 8.

Dated: March 20, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE