1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT MITCHELL, et al.,

11          Plaintiffs,                    No. 2:08-cv-1196 JAM EFB P

12      vs.

13   T. FELKER, et al.,
                                           ORDER
14          Defendants.

15   _____/

16       Plaintiffs are California prison inmates proceeding with counsel in an action under 42

17   U.S.C. § 1983.  Currently before the court are plaintiffs' motions for class certification (Dckt.

18   No. 155) and for a preliminary injunction prohibiting defendants from imposing race-based

19   lockdowns in any California prison during the pendency of this action (Dckt. No. 156).

20   Defendants seek an extension of 72 days to file their oppositions to the motions.  Dckt. No. 171.

21       Under Federal Rule of Civil Procedure 6(b)(1), the court may grant the request for an

22   extension of time "for good cause."  The U.S. Court of Appeals for the Ninth Circuit has stated

23   that requests for extensions of time under Rule 6(b)(1), made before the applicable deadline has

24   passed, should normally be granted in the absence of bad faith or prejudice to the opposing party.

25   *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010).

26   ////

1

1    Plaintiffs filed the two pending motions on March 5, 2013, improperly noticing them

2  before District Judge Mendez.  Dckt. No. 167.  Plaintiffs re-noticed the motions before the

3  undersigned on March 7, 2013, setting the hearing on the motions for April 3, 2013.  Dckt. Nos.

4  169, 170.  Under the Local Rules of this court, defendants' opposition papers are currently due

5  March 20, 2013.  E.D. Cal. L.R. 230(c).  Defendants argue that this deadline provides them with

6  inadequate time to oppose "the complex and fact-intensive issues" raised by plaintiff's motions.

7  Dckt. No. 171 at 2.  Defendants note that the motions, with exhibits, total 646 pages.  *Id.*

8  According to defendants, they are currently mired in extensive discovery on this case, which will

9  continue until the close of discovery on April 30, 2013.  *Id.*; *see* Dckt. No. 151 (non-expert

10  discovery closes on April 30, 2013).

11    Defendants sought plaintiffs' stipulation to an extension, but plaintiffs would agree to

12  only a two-week extension, which defendants argue is unreasonable because it would still

13  require defendants to prepare the oppositions while their resources are heavily engaged in

14  discovery.  Dckt. No. 171 at 3.  Defendants argue that no exigency exists that requires plaintiffs'

15  motions to be heard as currently noticed, noting that the case was pending for nearly five years

16  prior to plaintiffs' filing of the motions.  *Id.* at 4.

17    Plaintiffs oppose defendants' requested extension.  Dckt. No. 175.  According to

18  plaintiffs, defendants have not demonstrated good cause for the extension.  Plaintiffs first argue

19  that "[a] claimed inability to make a timely filing due to asserted staffing issues has been held

20  not to constitute good cause for extensions or delays in briefing," citing *Guillen v. Owens*, No.

21  CV-10-226-PHX-JWS (LOA), 2011 U.S. Dist. LEXIS 139912 (D. Ariz. Mar. 2, 2012).  In

22  *Guillen*, the court denied an extension of time for filing a dispositive motion that was sought by

23  an attorney who argued that he needed the extension because he had been "recently" appointed

24  to the case, but who, in fact, had been appointed 30-days prior to the motion for extension of

25  time.  *Id.* at *3.  The court further noted that the attorney could avail himself of the assistance of

26  the prior attorney in preparing the motion.  *Id.* at *3-4.  *Guillen* does not present a scenario

1   similar to that presented here, where plaintiffs' motions seek to certify a class of tens-of-

2   thousands and to impose an injunction on defendants that would change the way the State of

3   California operates all of its prisons.  These motions are not run-of-the-mill dispositive motions,

4   but instead are lengthy and complex, as defendants argue.  Nor did the moving party in *Guillen*

5   face the deluge of discovery described by defendants in this case.

6        Plaintiffs next argue that defendants' delay in producing responsive discovery is partially

7   why they are still so busy with discovery.  Past discovery disputes notwithstanding, the parties

8   have agreed to the current discovery schedule.  Dckt. No. 151.  Plaintiffs do not dispute

9   defendants' characterization of the large scope of discovery.

10       Plaintiffs contend that defendants must establish that they have been diligent in order to

11  obtain an extension but have not done so.  Plaintiff's citations refer to requests for modification

12  of a scheduling order under Federal Rule of Civil Procedure 16(b), and not Rule 6(b), which

13  plaintiff's concede governs here.  *See* Dckt. No. 175 (citing Rule 6(b), *Alioto v. Town of Lisbon*,

14  651 F.3d 715, 720 (7th Cir. 2011) (determining good cause under Rule 16(b)), and *Guillen*, 2011

15  U.S. Dist. LEXIS 139912 (determining good cause under Rule 6(b) by inexplicably applying

16  Rule 16(b) standard)).  As the Ninth Circuit has noted, the Rule 6(b) good cause standard is

17  "non-rigorous."  *Ahanchian*, 624 F.3d at 1259 (finding good cause where a party faced an

18  "exceptionally constrained deadline" which immediately followed a holiday weekend).

19  Moreover, even if the instant motion is governed by Rule 16(b) and defendants must therefore

20  demonstrate diligence, defendants' filing of their motion prior to the expiration of the due date of

21  their briefs and their evidence showing that they have been devoting significant resources to

22  respond to formidable discovery requests demonstrates diligence.

23       Lastly, plaintiffs argue that they suffer irreparable harm each day that the state is allowed

24  to continue its race-based lockdown practices and ask that any extension of time be conditioned

25  on the state ceasing such practices during the extended time.  While the court recognizes

26  plaintiffs' interest in ending the lockdown policies that are the subject of this litigation, the

1  extension sought by defendants will not unduly delay the case.  Indeed, the motions will be heard

2  by the court well before the dispositive motion deadline.  *See* Dckt. No. 151 (dispositive motions

3  to be filed on or before August 19, 2013).  As to plaintiffs' request that defendants be ordered to

4  cease implementation of the lockdown policy during the interim, the court is unaware of any

5  authority for such an order (and plaintiffs have cited none).  In effect, plaintiffs are requesting

6  temporary injunctive relief prior to hearing on their motion for a preliminary injunction without

7  complying with the federal and local rules for doing so. The court declines to grant such a

8  temporary injunction or impose such requirement on defendants as a condition of an extension of

9  time.

10      For the reasons stated herein, the court ORDERS that defendants' March 11, 2013

11  motion for an extension of time (Dckt. No. 171) is GRANTED, and defendants shall have until

12  May 31, 2013 to oppose plaintiff's motions for class certification and preliminary injunction.

13  The date currently set for hearing on the motions (April 3, 2013) is vacated, and the court will

14  hear argument on the motions on June 12, 2013 at 10:00 a.m. in Courtroom No. 8.

15  Dated:  March 20, 2013.

16

17                          EDMUND F. BRENNAN
                            UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26