UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT MITCHELL, et al.,

Plaintiffs,

v.

MATTHEW CATE, et al.,

Defendants.

No.  2:08-CV-01196-TLN-EFB

**ORDER**

On October 9, 2013, the Equal Justice Society ("EJS") filed a Motion for Leave to file an Amended Amicus Brief in Support of Plaintiffs' motion for preliminary injunction. (ECF No. 302.)  This brief was filed seven months after Plaintiffs' motion for preliminary injunction (ECF No. 156) and three months after Defendants' opposition (ECF No. 214).  Defendants oppose EJS's request to file its amicus brief arguing that it is untimely and improperly addresses arguments made in their opposition without giving Defendants opportunity to respond.  (ECF No. 307.)  Plaintiffs have filed a reply in support of EJS's motion (ECF No. 309).  The Court has carefully considered the arguments raised by EJS as well as the parties.  For the reasons set forth below, the Court hereby denies EJS's motion for leave to file.

There is no inherent right to file an amicus curiae brief with the Court.  Such decisions are left entirely to the discretion of the Court.  *Fluor Corp. and Affiliates v. United*

1

1  *States*, 35 Fed. Cl. 284, 285 (1996); *Long v. Coast Resorts, Inc.*, 49 F. Supp. 2d 1177, 1178 (D.
2  Nev. 1999); *Waste Mgmt. of Pennsylvania, Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa.
3  1995). "A court may grant leave to appear as an amicus if the information offered is timely and
4  useful." *Waste Mgmt.*, 162 F.R.D. at 36. Chief Judge Posner, of the Seventh Circuit, has
5  provided the following guidance on the appropriateness of considering amicus briefs:

> The vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. Such amicus briefs should not be allowed. They are an abuse. The term 'amicus curiae' means friend of the court, not friend of a party.

*Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997).

Here, EJS's amicus brief was not only filed an exceptionally long time after Plaintiffs' motion, but also incorporates arguments as to Defendants' opposition and is thus procedurally akin to a reply brief. The Court is cognizant that there are no specific rules concerning the filing of amicus briefs in district court; however, the Federal Rules of Appellate Procedure require an amicus curiae to file a brief no later than seven days after the principal brief of the party being supported is filed and do not allow an amicus curiae to file a reply brief. Fed. R. App. P. 29(e)−(f). The rationale for this deadline is addressed in the Advisory Committee notes to Federal Rule of Appellate Procedure 29, which state that the seven-day period to file an amicus brief was adopted "because it is long enough to permit an amicus to review the completed brief of the party being supported," and "short enough that no adjustment need be made to the opposing party's briefing schedule." Fed. R. App. P. 29 Advisory Comm.'s Note (e). The seven-day period thus allows the opposing party "sufficient time to review arguments made by the amicus and address them in the party's responsive pleading." *Id*. Granting EJS leave to file its amicus brief would thus deprive Defendants of an opportunity to address EJS's arguments which conflicts with the rationale governing Federal Rule of Appellate Procedure 29.

Moreover, the Court finds that the arguments presented by EJS duplicate arguments made in the Plaintiffs' brief and the Statement of Interest filed by the United States Government (ECF No. 306). The Court has been provided with more than adequate briefing in this case and finds that considering EJS's brief, in effect, merely extends the length of the

Plaintiffs' brief. *See Ryan*, 125 F.3d at 1063; *see also* Fed. R. App. P. 29 Advisory Comm.'s Note (b) (stating that "[a]n amicus curiae brief which brings relevant matter to the attention of the Court that has not already been brought to its attention by the parties is of considerable help to the Court. An amicus curiae brief which does not serve this purpose simply burdens the staff and facilities of the Court and its filing is not favored"). As such, the Court DENIES EJS's Motion for Leave to File Brief of Amici Curiae in Support of Preliminary Injunction (ECF No. 302).

IT IS SO ORDERED.

Dated: November 7, 2013

Troy L. Nunley
United States District Judge