UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MITCHELL, ET AL.,<br>Plaintiff,<br>v.<br>FELKER, ET AL.,<br>Defendant. | No. 2:08-cv-1196 TLN<br><br>**ORDER** |

This matter is before the Court pursuant to Plaintiffs Robert Mitchell and Alvaro Quezada's, on behalf of themselves and others similarly situated, ("Plaintiffs") Motion to Set for Status Conference, Pretrial Conference, and Trial (ECF No. 318).

**I. Factual Background**

Plaintiff Robert Mitchell ("Mitchell") initiated this case pro se on May 30, 2008, to challenge, among other things, a series of allegedly race-based lockdowns to which he was subjected at High Desert State Prison ("HDSP") beginning on September 12, 2006. (Compl., ECF No. 1 at 12–14.)[1] The case was originally assigned to District Court Judge John A. Mendez, but was reassigned to visiting Judge Richard A. Jones of the Western District of Washington in January 2009. (ECF No. 7.) During pretrial proceedings, the court appointed counsel to Mitchell

1 Page numbers cited herein refer to those assigned by the Court's electronic docketing system and not those assigned by the parties.

for the limited purpose of assisting him in settlement negotiations with Defendants. (ECF No. 60.) That same counsel later agreed to provide continuing representation to Mitchell and sought to amend the complaint in order to transform the case into a class action challenging allegedly race-based lockdowns throughout California's men's prisons. (ECF Nos. 70, 74.) Judge Jones directed the transfer of the case back to a judge within the Eastern District of California, concluding that it was "far from ideal for a judge sitting in the Western District of Washington to consider presiding over an action challenging policies at all of California's prisons." (ECF No. 82 at 1.) The case accordingly was reassigned to Judge John A. Mendez and Magistrate Judge Edmund F. Brennan, who granted the motion to amend on September 22, 2011. (ECF No. 83.) Mitchell filed the second amended complaint ("SAC") on September 23, 2011. (ECF No. 84.)

On November 2, 2011, pursuant to Defendants' motion to dismiss (ECF No. 92) the court dismissed Mitchell's Eighth and 14th Amendment claims based on lockdowns that occurred before September 12, 2006, as unexhausted and limited his state law damages claims to the period from February 28, 2007, through December 5, 2007. (ECF Nos. 107, 114.)

On March 5, 2013, Plaintiffs filed a motion to certify class as well as a motion for preliminary injunction. (ECF Nos. 155, 156.) On April 3, 2013, this case was assigned to the undersigned, but was properly before Magistrate Judge Edmund F. Brennan. (ECF No. 178.) Subsequently, Plaintiffs filed a request for the district court to hear its pending motions for class certification and injunctive relief, pursuant to Eastern District of California Local Rule 302(d). (ECF No. 182.) Before the Court had an opportunity to rule on Plaintiffs' request, Defendants filed their motion for summary judgment. (ECF No. 253.)

On August 5, 2013, the Court granted Plaintiffs' request stating that "because Plaintiffs' class certification and preliminary injunction motion, as well as Defendants' summary judgment motion, are likely to require de novo review, this Court finds that judicial economy would be best served by this Court retaining all future motions associated with this case." (ECF

///

///

///

No. 278.) Thus, this Court retained all matters associated with this case going forward and the trial dates assigned to this case were vacated. (ECF No. 312.) Accordingly, Plaintiffs' Motion for Preliminary Injunction (ECF No. 156), Plaintiff's Motion for Class Certification (ECF No. 155) and Defendants' Motion for Summary Judgment (ECF No. 253) were all fully briefed and pending before the Court at the time that this Court granted Plaintiffs' request to come before the District Court. The Court determined that it would be most efficient to decide Defendants' Motion for Summary Judgment prior to deciding Plaintiffs' motion for class certification. *See Saeger v. Pac. Life Ins. Co.*, 305 F. App'x 492, 493 (9th Cir. 2008) ("We have previously held that, '[u]nder the proper circumstances—where it is more practicable to do so and where the parties will not suffer significant prejudice—the district court has discretion to rule on a motion for summary judgment before it decides the certification issue.'") (quoting *Wright v. Schock*, 742 F.2d 541, 543–44 (9th Cir. 1984)). The Court issued its order as to Defendants' motion on February 7, 2014. (*See* ECF No. 317.)

## II. Plaintiffs' Motion to Set for Status Conference, Pretrial Conference and Trial (ECF No. 318)

Plaintiffs have brought a motion, pursuant to Local Rule 280, requesting that this matter be set for a status conference, pretrial conference, and trial. (*See* ECF No. 318.) The Court is cognizant of the importance of the issues raised by Plaintiffs' case. However, the Court finds that parties' interests would be better served by allowing the Court to rule on the other pending matters before setting a status conference. Although, this case has been pending since 2008, it has only recently been assigned to this Court. Moreover, it was done so at Plaintiffs' request. (*See* ECF No. 182.) There are numerous matters before this Court and Plaintiffs' recent appearance on this Court's docket does not entitle them to preferential treatment. The Court is working diligently to accommodate all the matters before it in a timely manner based on the length of time that it has been before this Court. The Court does not need reminders from the parties about the pending matters as the Court is well aware of such matters. Thus, Plaintiffs' Motion to Set for Status Conference, Pretrial Conference, and Trial (ECF No. 318) is hereby DENIED. After the Court has had the opportunity to rule on the pending matters before it, the

Court will schedule a status conference to set the pretrial conference and trial.

IT IS SO ORDERED.

Dated: March 13, 2014

Troy L. Nunley
United States District Judge