IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **ROBERT MITCHELL, et al.,** | 2:08-CV-01196-TLN-EFB |
| Plaintiffs, | |
| v. | **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| **MATTHEW CATE, et al.,** | |
| Defendants. | |

Plaintiffs in this action, Robert Mitchell, Alvaro Quezada, and a class consisting of all male prisoners who are now, or will in the future be, subjected to CDCR's modified program and lockdown policy, allege that CDCR has a policy and practice of implementing modified programs and lockdowns that violate the Eighth Amendment and the Equal Protection Clause of the United States Constitution. Plaintiffs claim that they are entitled to statewide injunctive relief to address their claims.

The parties have entered into a Stipulated Settlement that was filed with their Joint Motion for Preliminary Approval of Class Action Settlement, which would settle all claims for injunctive relief in this case. The parties have also entered into a Fee Stipulation to settle Plaintiffs' request

for attorneys' fees and costs to date.  The parties have submitted a proposed Notice to the Class concerning the Stipulated Settlement, Plaintiffs' motion for attorneys' fees, the Fee Stipulation, and a proposed order addressing how the notice must be distributed to the class.

This Court has presided over the proceedings in the above-captioned action and has reviewed all of the pleadings, records, and papers on file.  The Court has reviewed the Joint Motion for Preliminary Approval of Class Action Settlement, the Stipulated Settlement, and supporting documents, and has considered the parties' arguments concerning the proposed settlement of this class action.  The Court has also reviewed the Supplemental Motion for Preliminary Approval of the Class Action Settlement, which attached a revised Class Notice that discussed the parties proposed settlement of Plaintiffs' request for attorneys' fees and Plaintiffs' attorneys' fees motion.

The Court has determined that inquiry should be made regarding the fairness and adequacy of the Stipulated Settlement and that the class should be provided notice of the Stipulated Settlement, the Fee Stipulation, and Plaintiffs' attorneys' fees motion.

Accordingly, good cause appearing, IT IS HEREBY ORDERED AS FOLLOWS:

1. A court should preliminarily approve a class action settlement if it "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).  The Court finds that this standard is met in this case, as the proposed settlement is the product of arm's-length, serious, informed, and non-collusive negotiations between experienced and knowledgeable counsel who have actively prosecuted and defended this litigation.  The Court further finds that, for purposes of settlement only, the Stipulated Settlement meets the requirements of 18 U.S.C. § 3626(a)(1).  The Stipulated Settlement is granted preliminary approval and incorporated by reference herein, subject to the right of class members to challenge the fairness, reasonableness, or adequacy of the Stipulated Settlement.

2. Under Federal Rule of Civil Procedure 23(e)(1), the Court approves the substance,

form and manner of the Notice of Proposed Class Action Settlement (the "Notice") filed by the parties on April 9, 2015, and finds that the proposed method of disseminating the Class Notice meets all due process and other legal requirements and is the best notice practicable under the circumstances.

3. Within three days of this Order, the parties are directed to prepare a final version of the Notice, incorporating the dates set forth in this Order.

4. Within thirty days of this Order, CDCR is directed to post the Notice in English and Spanish in all housing units of all prisons housing prisoners subject to CDCR's modified program and lockdown policy in such a manner as to make the notice visible to all prisoners. Within thirty days of this Order, CDCR is also directed to place a copy of this Order and the full Stipulated Settlement in every CDCR library. Defendants must file and serve on Plaintiffs' counsel a declaration affirming that notice was published as required in this order.

5. A Final Fairness Hearing shall take place at 2 p.m. on September 24, 2015, at the United States District Court for the Eastern District of California, United States Courthouse, 501 I St., Sacramento CA 95814, in Courtroom 2, to determine whether the proposed settlement of this action on the terms and conditions provided for in the Stipulated Settlement is fair, reasonable, and adequate and should be finally approved by the Court, and whether this action should be dismissed under the settlement. Plaintiffs' Unopposed Motion for Attorneys' Fees and Expenses should be heard at the same time as the hearing for final approval of the settlement agreement. The hearing may be continued from time to time without further notice to the class. Any further briefing from the parties in advance of the hearing shall be filed no later than September 10, 2015.

6. Any member of the class may enter an appearance on his or her own behalf in this action through that class member's own attorney (at their own expense), but need not do so. Class members who do not enter an appearance through their own attorneys will be represented by Class counsel. Alternatively, any member of the class may write to the federal court about whether the settlement is fair. The federal court will consider written communications when deciding whether to approve the settlement. Comments regarding the fairness of the settlement MUST include at the top of the first page the case name (*Mitchell v. Cate et al.*) and the case

number 2:08-CV-01196-TLN-EFB. A written comment must contain the author's full name and CDCR number, must include all objections and the reasons for them, must include any and all supporting papers (including, without limitation, all briefs, written evidence, and declarations), and must be signed by the Class Member. A Class Member who desires to comment but who fails to comply with the above objection procedure and timeline shall be deemed to have not objected and the objection shall not be heard or considered at the hearing. Comments must be postmarked by September 1, 2015, and must be sent to the following address:

> Clerk of the Court
> United States District Court
> Eastern District of California
> 501 "I" Street
> Sacramento, CA 95814

IT IS SO ORDERED.

Dated: May 4, 2015

_____
Troy L. Nunley
United States District Judge