1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **ROBERT MITCHELL, et al.,** | 2:08-CV-01196-TLN-EFB |
| Plaintiffs, | |
| v. | **ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |
| **MATTHEW CATE, et al.,** | Courtroom:    2 |
| Defendants. | Judge:         Hon. Troy L. Nunley |
| | Action Filed:  May 30, 2008 |

This matter comes before the Court upon consideration of the parties' motion to approve the proposed agreement to settle the class claims for injunctive relief in this matter.  Having considered the parties' memoranda in support of the motion, comments from class members, relevant legal authority, and the record in this case, the Court finds good cause to GRANT the motion and finally approve the settlement agreement.

I.        FACTUAL BACKGROUND

This action was filed on May 30, 2008.  A First Amended Complaint was filed in June 2010, and Plaintiffs filed a Second Amended Complaint in April 2011, which added class

1

allegations, additional Plaintiffs, and additional Defendants.  The Second Amended Complaint alleges that CDCR has a statewide policy and practice of implementing excessively long and race-based modified programs and lockdowns that violate the Eighth Amendment and the Equal Protection Clause, and seeks declaratory and system-wide injunctive relief to address the alleged constitutional violations.

Defendants filed a motion to dismiss the complaint, which the court granted in part and denied in part.  The Court's ruling dismissed Mitchell's individual damages claims for certain specified periods, but left intact the class claims for injunctive relief.  (ECF Nos. 107, 114.)

In 2012 and 2013, the parties conducted extensive discovery, which included more than two dozen depositions of prison officials, prison leadership, prisoners, and experts, and the production of tens of thousands of pages of documents.  (Decl. McClain ¶ 3, ECF No. 367.)  During the same period, the Court adjudicated several discovery disputes between the parties.  (ECF Nos. 131, 134, 152, 207.)

On March 5, 2013, Plaintiffs filed a motion for class certification and a motion for preliminary injunction.  (ECF Nos. 155, 156.)  The Court denied Plaintiffs' motion for a preliminary injunction on June 25, 2014.  (ECF No. 328.)  The Court granted Plaintiffs' motion for class certification on July 23, 2014, and certified a class consisting of all male prisoners who are now, or will in the future be, subjected to CDCR's modified program and lockdown policy. (ECF No. 329.)

In July 2013, Defendants filed a motion for summary judgment, which the court granted in part and denied in part on February 11, 2014.  (ECF No. 317.)  The Court dismissed the claims of two plaintiffs (Mr. Trujillo and Mr. Abdullah) as moot, but denied the motion to dismiss the claims of Plaintiffs Mitchell and Quezada on mootness grounds.  The Court also denied the motion to dismiss Plaintiff Mitchell's claims for damages under state law and the Fourteenth Amendment, but granted the motion to dismiss Mitchell's Eighth Amendment damages claim. (*Id.*)

The parties engaged in extensive settlement negotiations in the spring and summer of 2014, and executed the Stipulated Settlement in October 2014.  (Decl. McClain ¶ 4, Ex. 1.)  The

1  Stipulated Settlement, if approved, would settle all class claims for injunctive and declaratory

2  relief in Plaintiffs' Second Amended Complaint.  (Decl. McClain, Ex. 1 at ¶ 10.)

3      On May 5, 2015, the Court granted the parties' joint motion seeking preliminary approval

4  of the Stipulated Settlement, and found that "it is the product of arm's-length, serious, informed,

5  and non-collusive negotiations between experienced and knowledgeable counsel who have

6  actively prosecuted and defended this litigation."  (Order Granting Prelim. Approval, ECF No.

7  339.)  The order set a hearing regarding final approval of the Stipulated Settlement for September

8  24, 2015, and ordered Defendants to post a Class Notice in CDCR's prisons.

9      The Class Notice described key terms in the Stipulated Settlement and the proposed

10  agreement regarding attorneys' fees, and advised class members that they could file comments

11  concerning the Stipulated Settlement through September 1, 2015.  (Decl. McClain ¶ 5, Ex. 2.)

12  Defendants posted the Court-approved Class Notice concerning the proposed class-action

13  settlement in all of CDCR's prisons where class members reside.  (Decl. Cano Re Posting Class

14  Notice, ECF No. 349.)  They also placed copies of the Stipulated Settlement, the Court Order

15  granting preliminary approval of the Stipulated Settlement, and the Plaintiffs' unopposed motion

16  for attorneys' fees in prison libraries.  (Decl. Cano Re Posting Class Notice, ECF No. 349.)

17      Twenty-one inmates filed comments with the Court.  Some of those comments, which are

18  addressed further below, oppose the Stipulated Settlement, some support the Stipulated

19  Settlement, and some offer neither support nor opposition to the Stipulated Settlement.

20  **II.      LEGAL STANDARDS**

21      Federal Rule of Civil Procedure 23(e) provides that the "claims, issues, or defenses of a

22  certified class may be settled, voluntarily dismissed, or compromised only with the court's

23  approval."  Rule 23 further provides that the court may only grant final approval of a settlement

24  after a hearing and on finding that the settlement "is fair, reasonable, and adequate."  Fed. R. Civ.

25  P. 23(e)(2).  A court must consider the settlement in its entirety rather than considering only its

26  component parts.  *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *Officers*

27  *for Justice v. Civil Serv. Comm'n of San Francisco*, 688 F.2d 615, 628 (9th Cir. 1982).  Thus,

28  "[t]he settlement must stand or fall in its entirety."  *Officers for Justice*, 688 F.2d at 630.

1    In reviewing proposed class-action settlement agreements, there is an initial presumption of

2    fairness when a proposed class settlement was negotiated at arm's length by counsel for the class.

3    *Harris v. Vector Mktg. Corp.*, No. 08–cv–5198 EMC, 2011 WL 1627973, at *8 (N.D. Cal. Apr.

4    29, 2011).  "Although Rule 23 imposes strict procedural requirements on the approval of a class

5    settlement, a district court's only role in reviewing the substance of that settlement is to ensure

6    that it is 'fair, adequate, and free from collusion.'"  *Lane v. Facebook, Inc.*, 696 F.3d 811, 819

7    (9th Cir. 2012).

8    Other factors courts consider in assessing a settlement proposal include:  (1) the strength of

9    the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3)

10   the risk of maintaining class-action status throughout the trial; (4) the amount offered in

11   settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the

12   experience and views of counsel; (7) the presence of a government participant; and (8) the

13   reaction of the class members to the proposed settlement.  *Hanlon v. Chrysler Corp.*, 150 F.3d

14   1011, 1026 (9th Cir. 1998) (citing *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir.

15   1993); *see also In re Oracle Sec. Litig.*, 829 F. Supp. 1176, 1179 (N.D. Cal. 1993).  The district

16   court must explore these factors comprehensively to satisfy appellate review, but "the decision to

17   approve or reject a settlement is committed to the sound discretion of the trial judge."  *Hanlon*,

18   150 F.3d at 1026.

19   "[T]he court's intrusion upon what is otherwise a private consensual agreement negotiated

20   between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned

21   judgment that the agreement is not the product of fraud or overreaching by, or collusion between,

22   the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate

23   to all concerned."  *Hanlon*, 150 F.3d at 1027.  Thus, a district court's decision to approve a class-

24   action settlement may be reversed "only upon a strong showing that the district court's decision

25   was a clear abuse of discretion."  *Id*.

26   The Ninth Circuit maintains a "strong judicial policy" that favors the settlement of class

27   actions.  *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).  And the Ninth

28   Circuit has repeatedly recognized that "voluntary conciliation and settlement are the preferred

4

means of dispute resolution," especially in the context of "complex class action litigation."

*Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *see also In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008).

### III.   ANALYSIS

#### A. **The Parties Have Met Their Burden of Showing that the Settlement is Fair, Reasonable, and Adequate.**

The Stipulated Settlement provides substantial equitable relief to the Plaintiff Class. Plaintiffs sought an injunction barring Defendants from implementing race-based lockdowns, and ensuring that class members are not deprived of outdoor exercise for excessive periods of time during lockdowns and modified programs.  Defendants have agreed to settlement terms that directly address both of the class claims: They have agreed not to implement any lockdowns or modified programs based on race, and they have agreed to implement a policy providing for outdoor exercise during long modified programs.  (Decl. McClain, Ex. 1 at ¶¶ 15-24.)  The Stipulated Settlement was reached after months of negotiations between the parties, who were zealously represented by their experienced counsel throughout this litigation.  (Decl. McClain ¶ 4.)

The Court has already found that the Stipulated Settlement was the product of an arm's-length negotiation by Plaintiffs' counsel.  (Order Granting Prelim. Approval, ECF No. 339.)  Additionally, the Court found that the Stipulated Settlement was the result of "serious, informed, and non-collusive negotiations between experienced and knowledgeable counsel who have actively prosecuted and defended this litigation." *Id.*  Thus, the Stipulated Settlement is entitled to a presumption of fairness.  *Harris*, 2011 WL 1627973, at *8.

The Stipulated Settlement was also reached after extensive discovery had been completed, including numerous depositions and large productions of documents.  (Decl. McClain ¶ 3.)  Thus, the parties had adequate time to fully evaluate the claims and defenses before engaging in settlement negotiations and reaching an agreement.

The outcome of the litigation and the extent of any relief that the Plaintiff Class might be awarded if the case were to go to trial is uncertain.  Furthermore, proceeding through pre-trial

1    motions, trial, and probable appeal would impose risks, costs, and a substantial delay in the

2    implementation of any remedy in this matter.  Given the relief achieved by the Stipulated

3    Settlement and the risks and costs involved in further litigation, the Stipulated Settlement

4    represents a fundamentally "fair, reasonable and adequate" resolution of the disputed issues.  *See*

5    Fed. R. Civ. Pro. 23(e)(2).

6              **B. None of the Class Members' Objection Comments Refute the Presumption**

7                 **that the Stipulated Settlement is Fair, Reasonable, and Adequate.**

8              The Court has reviewed the twenty-one comments filed by class members, six of which

9    opposed the Stipulated Settlement.  (Castillo Comment, ECF No. 350; Sledge Comment, ECF No.

10   354; Rodriguez Comment, ECF No. 356; Martinez Comment, ECF No. 358; Forgatsch Comment,

11   ECF No. 360; Diaz Comment, ECF 362.)  None of those six objections presented evidence that

12   the Stipulated Settlement is unfair, inadequate, or unreasonable.  The remaining fifteen comments

13   either support the Stipulated Settlement or are neutral concerning its terms.

14             Several of the inmates object, not because the Stipulated Settlement is unfair or

15   unreasonable, but because they speculate that CDCR will not comply with its terms.  (Martinez

16   Comment, ECF No. 358; Rodriguez Comment, ECF No. 356; Castillo Comment, ECF No. 350.)

17   This type of objection does not demonstrate that the Stipulated Settlement is unfair or inadequate.

18   Furthermore, it ignores that Plaintiffs' counsel will actively monitor and enforce CDCR's

19   compliance with the Stipulated Settlement's terms, and that the Court retains jurisdiction to

20   enforce the terms during the monitoring period.  (Decl. McClain, Ex. 1 at ¶¶ 23–24, 33–34; Decl.

21   Evenson ¶¶ 2– 4, ECF No. 368.)  Thus, the Stipulated Settlement already contains terms that will

22   allow Plaintiffs to seek Court-ordered relief if CDCR fails to comply with its terms.

23             Two of the objections complain that the monitoring period should be longer than eighteen

24   months.  (Martinez Comment 3, ECF No. 358; Rodriguez Comment ¶ 14, ECF No. 356.)

25   However, this challenge to the Stipulated Settlement's adequacy ignores that Plaintiffs may seek

26   to extend the monitoring period if there are ongoing, system-wide constitutional violations

27   resulting from CDCR's modified program policies or practices.  (Decl. McClain, Ex. 1 at ¶¶ 25–

28

                                                    6

1    27.)  On the other hand, if there are no such violations, the Stipulated Settlement appropriately

2    and reasonably provides that the monitoring period will end.  (Decl. McClain, Ex. 1 at ¶¶ 25–27.)

3         Two of the objectors contend that CDCR should be required to pay inmates some sort of

4    compensation.  (Martinez Comment 2, ECF No. 358; Sledge Comment 3, ECF No. 354.)  These

5    objections ignore that the Stipulated Settlement only resolves claims for injunctive relief, not

6    damages.  (Decl. McClain, Ex. 1 at 3.)  They also fail to explain how the Stipulated Settlement's

7    terms, which essentially provide everything the Plaintiff Class sought through its injunctive-relief

8    claims, are unfair, unreasonable, or inadequate.

9         One objection seems to take issue with the equal-protection claim brought in this suit.

10   Inmate Erik Forgatsch objected based on his belief that CDCR's prisons should be permitted to

11   implement race-based or security-threat-group based modified programs so that not all inmates

12   will be subjected to every modified program.  (Forgatsch Comment, ECF No. 360.)  Mr.

13   Forgatsch's assertion that CDCR should be permitted to implement race-based modified

14   programs indicates that he generally disagrees with the goals of this class-action suit.  However,

15   his objection fails to demonstrate that the Stipulated Settlement does not fairly settle the Plaintiff

16   Class's equal-protection claim for injunctive relief.  (Forgatsch Comment, ECF No. 360.)

17   Moreover, Mr. Forgatsch appears to have misread the terms of the Stipulated Settlement, which

18   explicitly provides that CDCR's prisons can implement modified programs that only impact

19   inmates who have an affirmative security-threat-group status.  (Decl. McClain, Ex. 1 at ¶ 16.)

20   Thus, it is simply not true that under the Stipulated Settlement CDCR cannot implement a

21   modified program that only impacts a particular security-threat group.

22        One class member objected that CDCR will not comply with the Stipulated Settlement's

23   term prohibiting race-based modified programs and refers to a recent modified program at

24   Calipatria as evidence supporting his contention.  (Rodriguez Comment ¶ 6, ECF No. 356.)  The

25   Plaintiffs and Defendants acknowledge that the modified program that Mr. Rodriguez complained

26   about did not comply with the Stipulated Settlement's terms.  (Joint Mot. Final Approval, ECF

27   No. 366.)  The record demonstrates that CDCR investigated this modified program, provided a

28   detailed explanation to Plaintiffs' counsel about two aspects of the modified program that did not

1   comply with policy, and initiated corrective action to address the issues and ensure that similar

2   mistakes are not made again at Calipatria or the other prisons.  (Decl. McClain ¶¶ 7–8, Exs. 3–4;

3   Decl. Evenson ¶ 4.)

4        These events show that the Stipulated Settlement is working as intended by: (1) providing

5   Plaintiffs' counsel the means to effectively monitor CDCR's compliance with settlement terms;

6   (2) requiring the parties to discuss compliance issues; and (3) allowing CDCR an opportunity to

7   address any compliance issues before Plaintiffs seek Court intervention.  (Decl. McClain, Ex. 1 at

8   ¶¶ 33–34.)

9        Plaintiffs' counsel intends to closely monitor modified programs for compliance with the

10   new policies, including the appropriate use of critical-workers lists and incremental-release lists.

11   (Decl. Evenson ¶¶ 2–4.)  Plaintiffs' counsel will also monitor any security-threat-group modified

12   programs to ensure that they are not race-based.  (Decl. Evenson ¶¶ 2–4.)  If CDCR fails to

13   comply with the new policies, Plaintiffs can seek Court-ordered enforcement of the Stipulated

14   Settlement's terms.  (Decl. McClain, Ex. 1 at ¶¶ 33–34.)  Thus, Mr. Rodriguez's objection does

15   not demonstrate that the Stipulated Settlement should not be granted final approval.

16        Class Member Ronald Martinez's comment included additional objections related to the

17   treatment of security-threat groups.  (Martinez Comment, ECF No. 358.)  Mr. Martinez first

18   complained that he will be assigned security-threat points based on being designated as "active"

19   in a security-threat group because he is in a general-population yard.  (Martinez Comment, ECF

20   No. 358.)  This is inaccurate.  The Stipulated Settlement explicitly provides that "threat-

21   assessment forms will not assign points based on an affirmative security-threat-group status."

22   (Decl. McClain, Ex. 1 at ¶ 16.)

23        Mr. Martinez also complained that he will unfairly be assigned security-threat points for

24   behavior that occurred up to five years ago.  Martinez Comment, ECF No. 358.)  Plaintiffs and

25   Defendants acknowledge that Mr. Martinez is correct that inmates might be assigned security-

26   threat points for behavior within the past five years.  (Joint Mot. Final Approval, ECF No. 366 at

27   10.)  But the parties further note that Mr. Martinez's observation fails to show that this behavior-

28

1  based policy does not fairly and adequately address the Plaintiff Class's equal-protection claim

2  for injunctive relief.  (Joint Mot. Final Approval, ECF No. 366 at 10.)  This Court agrees.

3     Mr. Martinez further objected on the ground that he believes CDCR will not use "current

4  and reliable" information when deciding who should be subjected to a modified program that

5  applies to a specific security-threat group.  (Martinez Comment, ECF No. 358.)  The parties

6  explained that CDCR is still in the process of determining what will constitute "current and

7  reliable" information for determining security-threat-group status for security-threat-group

8  modified programs and will continue to meet with Plaintiffs' counsel to develop agreed-upon

9  training materials concerning how to assess available information.  The parties further noted that

10  the key aspect of the policy required by the Stipulated Settlement to address Plaintiffs' equal-

11  protection claim is that inmates will be placed on, or removed from, modified programs based on

12  past behavior or security-threat-group-related conduct, and not based on race or ethnicity.  (Decl.

13  McClain, Ex. 1 at ¶¶ 15–16.)  Mr. Martinez has not made a showing that those terms fail to

14  adequately or fairly address the Plaintiff Class's equal-protection claims.

15     Furthermore, if Mr. Martinez or any class member believes that the information on his

16  threat-assessment form is inaccurate or unreliable—including a designation of an STG

17  affiliation—he will have an opportunity to file an internal grievance (form 602), explain the

18  problem, and request that the form be modified accordingly.  (Joint Mot. Final Approval, ECF No.

19  366 at 10–11.)

20     Class Member Enrique Diaz filed a comment speculating that inmates will be subjected to

21  long periods of modified program without access to outdoor exercise if back-to-back modified

22  programs occur.  (Diaz Comment, ECF No. 362.)  This concern is speculative, and Mr. Diaz

23  presents no evidence that this is an actual problem now that the policies required by the Stipulated

24  Settlement are in place.

25     Mr. Diaz's objection does not show that the Stipulated Settlement fails to adequately

26  address the Plaintiff Class's exercise claim.  The Stipulated Settlement addresses that claim by

27  requiring prisons to initiate plans to provide outdoor exercise for any modified program that lasts

28  longer than fourteen days.  (Decl. McClain, Ex. 1 at ¶ 19.)  Furthermore, the parties understand

this to apply to a situation where a second modified program begins before the first is lifted. (Joint Mot. Final Approval, ECF No. 366 at 11.)  Mr. Diaz has not demonstrated that this term of the Stipulated Settlement is inadequate, unfair, or unreasonable.

Additionally, the Stipulated Settlement provides that Plaintiffs may seek to extend the monitoring period and the Court's jurisdiction if Plaintiffs demonstrate that CDCR's policies and practices are resulting in current and ongoing violations of the Eighth Amendment.  (Decl. McClain, Ex. 1 at ¶ 25.)  Thus, Mr. Diaz's objection does not warrant a denial of final approval of the Stipulated Settlement.

### C. Other Comments Either Supported the Stipulated Settlement or Were Neutral Concerning its Terms.

Four inmates filed comments supporting the Stipulated Settlement.  (Clay Comment, ECF No. 345; MacDonald Comment, ECF No. 352; Inmate Comment, ECF No. 353[1]; Mitchell Comment, ECF No. 357.)  An additional eleven inmates submitted comments that did not object to the terms of the Stipulated Settlement, though some of them included critiques of CDCR lockdown practices.  (Jackson Comment, ECF No. 344; Reynolds Comment, ECF No. 346; Foster Comment, ECF No. 347; Pacheco Comment, ECF No. 348; Beauchamp Comment, ECF No. 351; Grim Comment, ECF No. 355; Izquierdo Comment, ECF No. 359; Suarez Comment, ECF No. 361; Foster Comment, ECF No. 363; Cook Comment, ECF No. 364; Nguyen Comment, ECF No. 365.)  Because these comments are neutral concerning the fairness of the Stipulated Settlement's terms, the Court need not address them.

### IV.    CONCLUSION

The Court, having independently reviewed and considered the entire record in this case, including the briefing and support submitted with Plaintiffs' motions for Class Certification and Preliminary Injunction and Defendants' Motion for Summary Judgment, the twenty-one comments filed by class members, the terms of the Stipulated Settlement, and the factors described in *Hanlon* and *Torrisi*, makes the following findings:

---

[1]    The inmate's name on this comment was illegible.

1       1.     The Stipulated Settlement, incorporated by reference, is fair, reasonable, and

2   adequate; and

3       2.     For purposes of settlement only the Stipulated Settlement meets the requirements of

4   18 U.S.C. § 3626(a)(1).

5       As such the Court hereby GRANTS final approval of the Stipulated Settlement, STAYS the

6   Plaintiff Class's case for injunctive relief pending completion of the Stipulated Settlement's

7   terms, and RETAINS JURISDICTION over this matter to enforce the Stipulated Settlement.

8       The parties are directed to meet and confer regarding the contents of a notice to the Plaintiff

9   Class regarding final approval of the settlement, and the timing and manner by which such notice

10   will be provided.

11

12   **IT IS SO ORDERED.**

13   Dated:  October 7, 2015

14

15                                     _____

16                                 Troy L. Nunley
                                  United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

11