IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **ROBERT MITCHELL, et al.,** | 2:08-CV-01196-TLN-EFB |
| Plaintiffs, | |
| v. | **ORDER GRANTING ATTORNEYS' FEES** |
| **MATTHEW CATE, et al.,** | |
| Defendants. | |

This matter is before the Court pursuant to Plaintiffs' Unopposed Motion for Attorneys' Fees and Expenses. (ECF No. 335.) Having considered the briefing in support of the motion, responses from class members, relevant legal authority, and the record in this case, the Court finds good cause to GRANT the motion.

Pursuant to Federal Rule of Civil Procedure 23(h), class members were informed about the fee request in the Class Notice, and a full copy of Plaintiffs' Motion for Attorneys' Fees and Expenses was made available to all class members in the prison libraries. Class members were afforded an opportunity to comment or object to the Motion, and this Court held a hearing on the Motion on September 24, 2015.

After review of all briefing and evidence presented, this Court finds and concludes that the agreed-upon award of $ 2.375 million is fair and reasonable. Plaintiffs' action in this case sought to end CDCR's policy and practice of imposing lengthy race-based lockdowns. The settlement does just that – it puts a complete stop to all race-based lockdowns, and it ensures that if lengthy lockdowns occur, prisoners will be provided access to outdoor exercise. (*See* Settlement Agreement, ¶¶ 15, 18, ECF No. 332-1).

To get to this result, Plaintiffs devoted years to litigating this case, conducting complex discovery, meeting and interviewing dozens of prisoners, reviewing and analyzing tens of thousands of pages of lockdown reports, engaging and working with four experts, inspecting prisons, and taking or defending dozens of expert and lay depositions. (Evenson Decl., ¶¶ 3–6, ECF No. 335-1.)

Defendants vigorously contested the claims in this case, and the parties expended considerable time and resources in connection with Defendants' Motion to Dismiss and Motion for Summary Judgment, Plaintiffs' motions for class certification, and the numerous other matters including discovery disputes that arose over the last four years. (Evenson Decl., ¶6, ECF No. 335-1.)

The fee request reasonably reflects the time and labor required to litigate this matter, and was calculated pursuant to the *lodestar* method. Plaintiffs' counsel kept contemporaneous time records that detail all work completed, and to calculate the requested award Plaintiffs multiplied the number of hours actually worked by a reasonable hourly rate. (Evenson Decl., ¶¶ 8–9, ECF No. 335-1.) Though counsel represented the Plaintiffs without charge, Plaintiffs' counsel exercised the same billing judgment and discretion accorded to private clients. (Evenson Decl., ¶ 8, ECF No. 335-1; *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) ("Ultimately, a 'reasonable' number of hours equals '[t]he number of hours . . . [which] could reasonably have been billed to a private client.'") (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)). During negotiations with Defense counsel, Plaintiffs' counsel agreed to reduce their fee request even further, in order to reach an out-of court settlement. (Evenson Decl., ¶ 9, ECF No. 335-1.)

Courts have long recognized that the *lodestar* method of calculating fees is strongly presumed to be reasonable. *Oviatt v. Pearce*, 954 F.2d 1470, 1482 (9th Cir. 1992) ("There is a strong presumption that the lodestar figure is reasonable, and adjustments are to be adopted only in exceptional cases."); *see also Morales v. City of San Rafael*, 96 F.3d 359, 363 n.8 (9th Cir. 1996) (citing *Oviatt*). The agreed upon fee award also fairly reflects the novelty and difficulty of the questions presented, the skill required in litigating this complex case, and the fact that Plaintiffs' counsel litigated this matter on a contingency basis and expended significant hours and out-of-pocket expenses doing so.

Accordingly, the request for $2.375 million in attorneys' fees and expenses is approved as fair, adequate and reasonable, and Plaintiffs' Unopposed Motion for Attorneys' Fees and Expenses (ECF No. 335) is GRANTED.

IT IS SO ORDERED.

Dated: October 7, 2015

Troy L. Nunley
United States District Judge