UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MITCHELL, et al., | No. 2:08-CV-01196-TLN-EFB |
| Plaintiffs, | |
| v. | **ORDER DENYING MOTION TO INTERVENE** |
| MATTHEW CATE, et al., | |
| Defendants. | |

Dean Rodriguez ("Rodriguez") is an inmate at Calipatria State Prison and a member of the Plaintiff Class in this matter. He has moved to intervene in this class-action suit, which has already settled, and requested that the Court impose sanctions for a "possible" violation of the class-action settlement agreement (Stipulated Settlement). (Mot. to Intervene, ECF No. 390.) Defendants dispute his claim of a possible violation of the Stipulated Settlement and oppose Rodriguez's motion to intervene. (Opp'n, ECF No. 391.) For the following reasons, Rodriguez's motion to intervene is DENIED.

### I. FACTUAL BACKGROUND

The Plaintiff Class in this case is comprised of all male prisoners who are now, or will in the future be, subjected to the CDCR's lockdown policy. (Order Granting Class Cert., ECF No. 329.) In October 2014, the parties executed a Stipulated Settlement that resolved all of the class claims in the case. (Decl. McClain Supp. Mot. Final Approval ¶ 4, Ex. 1, ECF No. 367.) In May

1

2015, the Court granted the parties' joint motion seeking preliminary approval of the Stipulated Settlement, and found that "it is the product of arm's-length, serious, informed, and non-collusive negotiations between experienced and knowledgeable counsel who have actively prosecuted and defended this litigation." (Order Granting Prelim. Approval, ECF No. 339.)  In September 2015, the parties sought final approval of the Stipulated Settlement. (Joint Mot. Final Approval Class Action Settlement, ECF No. 366.)  The Court issued an order granting final approval in October 2015.  (Order Granting Final Approval Class Action Settlement, ECF No. 376.)

The Court-approved Stipulated Settlement states that if the Plaintiff Class contends that Defendants are not complying with the Stipulated Settlement's terms, they must provide written notice to Defendants and engage in a meet-and-confer process, among other things, before seeking Court intervention.  (Decl. McClain, Ex. 1 at 8-9, ECF No. 367.)

## II. LEGAL STANDARD

Rodriguez seeks to intervene under Federal Rule of Civil Procedure 24(a)(2), which offers protection to nonparties who have an interest in the property or transaction that is the subject of the action. Fed. R. Civ. Pro. 24(a)(2).  Under Rule 24(a)(2), the nonparty can only intervene if the disposition of the matter would impair the movant's ability to protect its interests.  *Id.*  A motion to intervene under Rule 24(a)(2) must be timely. Fed. R. Civ. Pro. 24(a).

"It is well settled in this circuit that motions to intervene for substantive reasons—to revisit original settlements—must be timely." *Empire Blue Cross & Blue Shield v. Janet Greeson's A Place For Us, Inc.*, 62 F.3d 1217, 1219 (9th Cir. 1995) (citing *County of Orange v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986), *cert. denied*, 480 U.S. 946 (1987); *Alaniz v. Tillie Lewis Foods*, 572 F.2d 657, 659 (9th Cir.), *cert. denied*, 439 U.S. 837 (1978)).  In determining the timeliness of a motion to intervene, this circuit looks at: "1) the stage of the proceeding at which an applicant seeks to intervene; 2) the prejudice to other parties; and 3) the reason for and length of the delay." *Id.*  Moreover, the Ninth Circuit has ruled that a settlement by the parties weighs heavily against any later motion to intervene because intervention at such a late stage would complicate the issues and upset the delicate balance achieved by the settlement. *Air Cal.*, 799 F.2d at 538; *see also United States v. State of Washington*, 86 F.3d 1499, 1504 (9th

1  Cir. 1996) (holding that the district court did not abuse its discretion in finding prejudice where
2  intervention would complicate the issues, and upset a delicate balance achieved after years of
3  litigation); *United States v. State of Oregon*, 913 F.2d 576, 588–89 (9th Cir. 1990) (holding that
4  the district court did not abuse its discretion by finding prejudice when intervention was sought
5  after settlement involving a delicate compromise).

### III. ANALYSIS

The Court finds that Rodriguez's motion to intervene is improper for two reasons: First, the motion is untimely; Second, Rodriguez is a class member and thus bound by the terms of the Settlement Agreement.

As referenced above, a motion to intervene under Rule 24(a)(2) must be timely. Fed. R. Civ. Pro. 24(a). Rodriguez's motion is untimely because this action has already been disposed of through settlement. The class claims in this case were extensively litigated for more than four years. In that time, the Court ruled on dispositive motions, certified a class that includes Rodriguez, and granted final approval to the Stipulated Settlement, which fully addresses and disposes of the class claims in the case. At this late post-settlement stage of the case, it is simply too late for class member Rodriguez to intervene. Furthermore, because the Settlement Agreement provides a vehicle for challenging conduct that class members deem inapposite to the Settlement Agreement, allowing Rodriguez to intervene serves no purpose other than complicating the balance achieved by the Settlement Agreement. *See Air Cal.*, 799 F.2d at 538.

Furthermore, as a class member, Rodriguez must adhere to the process for resolving disputes that is described in the Stipulated Settlement. That process requires the class to provide written notice to Defendants about any dispute concerning compliance with the Stipulated Settlement, and engage in a meet-and-confer process, among other things, before seeking Court intervention. (Decl. McClain, Ex. 1 at 8-9, ECF No. 367.) Thus, Rodriguez simply needs to submit his concerns to his class counsel so that they can determine whether his concerns are valid and meet and confer with Defendants if they are. Any dispute, including any request for sanctions, should only be submitted to this Court if it cannot be resolved through the Stipulated Settlement's dispute resolution process.

**IV.     CONCLUSION**

For the foregoing reasons, Rodriguez's motion to intervene (ECF No. 390) is hereby DENIED.  Rodriguez is directed to submit his concerns to his class counsel so that they can determine whether his concerns are valid and meet and confer with Defendants if they are, pursuant to the Settlement Agreement.

IT IS SO ORDERED.

Dated: July 19, 2016

Troy L. Nunley
United States District Judge