# Exhibit 1

KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
DAMON G. MCCLAIN, State Bar No. 209508
Supervising Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 703-5750
  Fax:  (415) 703-5843
  E-mail:  Damon.Mcclain@doj.ca.gov
*Attorneys for Defendants M. Cate, S. Kernan, T.
McDonald, G. Giurbino, J. Tilton, T. Felker, M.
Wright, F. Foulk, D. Vanderville, J. Owen, and
D. Hellwig*

PRISON LAW OFFICE
DONALD SPECTER (SBN 83925)
REBEKAH EVENSON (SBN 207825)
  1917 Fifth Street
  Berkeley, California 94710-1916
  Telephone: (510) 280-2621
  Facsimile: (510) 280-2704
  dspecter@prisonlaw.com
  revenson@prisonlaw.com
*Attorneys for Plaintiff Robert Mitchell, Alvaro
Quezada and the Plaintiff Class*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **ROBERT MITCHELL, et al.,** | 2:08-CV-01196-TLN-EFB |
| Plaintiffs, | |
| v. | **STIPULATED SETTLEMENT** |
| **MATTHEW CATE, et al.,** | Courtroom:    2 |
| Defendants. | Judge:         Hon. Troy L. Nunley |
| | Action Filed:  May 30, 2008 |

1

**INTRODUCTION**

1.      The parties enter into this Stipulation to address Plaintiffs' claims for injunctive relief regarding modified programs and lockdowns implemented in prisons operated by the California Department of Corrections and Rehabilitation (CDCR) and to settle this case.

2.      The Plaintiffs are inmates Robert Mitchell, Alvaro Quezada, and a certified class consisting of all male prisoners who are now, or will in the future be, subjected to CDCR's modified program and lockdown policy.  The Defendants include CDCR's Secretary, Undersecretary of Operations, Chief Deputy Secretary for Adult Operations, and Director of Adult Institutions, who are sued in their official capacities as state officials responsible for the operation of CDCR's prisons.

3.      Plaintiff Mitchell also sued a number of Defendants in their individual capacities for damages.  The individual-capacity Defendants are James Tilton, Tom Felker, M. Wright, F. Foulk, D. Vanderville, J. Owen, and D. Hellwig.  This Stipulation does not settle Plaintiff Mitchell's damages claims.  If the parties cannot agree on a reasonable settlement of Plaintiff Mitchell's damages claims, they will be severed from the injunctive-relief claims, and settlement of the injunctive-relief claims will not preclude trial on Plaintiff Mitchell's damages claims.

4.      This action was filed on May 30, 2008.  A First Amended Complaint was filed in June 2010, and Plaintiffs filed a Second Amended Complaint in April 2011, which added class allegations, additional Plaintiffs, and additional Defendants.  The Second Amended Complaint alleges that CDCR has a statewide policy and practice of implementing excessively long modified programs and lockdowns that violate the Eighth Amendment and the Equal Protection Clause. The Second Amended Complaint seeks declaratory and system-wide injunctive relief to address the alleged constitutional violations.

5.      The parties have conducted extensive discovery, which included conducting more than two dozen depositions of prison officials, prison leadership, prisoners and experts, and disclosing tens of thousands of pages of documents.

6.  Defendants filed a motion to dismiss the complaint, which the court granted in part and denied in part.  The court dismissed Mr. Mitchell's damages claims for certain specified periods of time, but left intact the injunctive relief claims.  (ECF Nos. 107, 114)

7.  Defendants also filed a motion for summary judgment, which the court granted in part and denied in part.  The Court dismissed the claims of two plaintiffs (Mr. Trujillo and Mr. Abdullah) as moot, but denied the motion to dismiss the claims of Plaintiffs Mitchell and Quezada.  (ECF No. 46).  The Court also denied the motion to dismiss Mr. Mitchell's claim for damages under State law and the Fourteenth Amendment, but granted the motion to dismiss Mr. Mitchell's Eighth Amendment damages claim.

8.  Plaintiffs filed a motion for preliminary injunction, which the Court denied on June 25, 2014.  ECF No. 328.

9.  Plaintiffs also filed a motion for class certification, which the Court granted on July 23, 2014.  ECF No. 329.

10.  The parties have conducted extensive negotiations over several months to resolve Plaintiffs' demands that CDCR change its statewide policies and practices concerning modified programs and lockdowns.  Those negotiations have been undertaken at arm's length and in good faith between Plaintiffs' counsel and high-ranking state officials and their counsel.  The parties have reached agreement on statewide policies and practices that CDCR has already begun to implement to settle Plaintiffs' claims for declaratory and injunctive relief.  The parties freely, voluntarily, and knowingly, with the advice of counsel, enter into this Stipulation for that purpose.

11.  All parties and their counsel recognize that, in the absence of an approved settlement, they face lengthy and substantial litigation, including trial and potential appellate proceedings, all of which will consume time and resources and present the parties with ongoing litigation risks and uncertainties.  The parties wish to avoid these risks, uncertainties, and consumption of time and resources through a settlement under the terms and conditions of this Stipulation.

ACCORDINGLY, without any admission or concession by Defendants of any current and ongoing violations of a federal right, all claims for injunctive relief in the Second Amended Complaint shall be finally and fully compromised, settled, and released, subject to the terms and

3

conditions of this Stipulation, which the parties enter into freely, voluntarily, knowingly, and with the advice of counsel.

**A.   JURISDICTION AND VENUE**

12.   The Court has jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1343.

13.   Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred in the Eastern District of California.

**B.   CLASS CERTIFICATION**

14.   On July 23, 2014, the Court certified a class consisting of all male prisoners who are now, or will in the future be, subjected to CDCR's modified program and lockdown policy.

**C.   TERMS AND CONDITIONS**

15.   CDCR will not implement race-based modified programs or lockdowns.  Lockdowns or modified programs may be (1) imposed on all inmates, and lifted from all inmates in the affected area, or (2) imposed and lifted from inmates in the affected area based on individualized threat assessments, but (3) may not be imposed or lifted based on race or ethnicity.

16.   CDCR will use individualized threat-assessment forms to determine who will be retained on a modified program or lockdown.  The threat-assessment forms will assign points based on individualized factors, and CDCR may determine who should be retained on a modified program or lockdown based on the total number of points assigned to each inmate.  The threat-assessment forms may also include an individualized assessment of an inmate's security-threat-group status, and CDCR may implement modified programs that impact inmates whose threat-assessment forms indicate an affirmative security-threat-group status.  But the threat-assessment forms will not assign points based on an affirmative security-threat-group status.

17.   CDCR will only place an inmate on a modified program that  impacts a security-threat group if an individualized review of that inmate's central file indicates an affiliation, based

4

on sufficiently reliable and current information, with the security-threat group impacted by the modified program.

18.    If a modified program or lockdown lasts longer than fourteen days, the Warden must initiate a plan to provide outdoor activity to the affected inmates.  On May 6, 2014, CDCR began implementing a policy in section 55015 of the Restricted Department Operations Manual consistent with this term of the Stipulation.

19.    Modified programs lasting longer than fourteen days shall require periodic conference calls with the Associate Director until a normal program is achieved.  On May 6, 2014, CDCR began implementing a policy in section 55015 of the Restricted Department Operations Manual consistent with this term of the Stipulation.

20.    To address the issues raised by Plaintiffs' suit, CDCR has revised its policies concerning modified programs and lockdowns, which are found in title 15, section 3000, of the California Code of Regulations, and in section 55015 of the Restricted Department Operations Manual dated May 6, 2014.  CDCR will further revise title 15, section 3000, and section 55015 of the Restricted Department Operations Manual by modifying the definition of "modified program" to be:

> Modified Program means the suspension or restriction of less than all inmate program activities and/or movement.  A Modified Program may either occur independently in response to an incident or unusual occurrence or may occur as a facility transitions from a lockdown to regular programming.  Imposed restrictions may fluctuate as circumstances dictate with the goal of resuming regular programming as soon as it is practical.  Modified programming will last no longer than necessary to restore institutional safety and security or to investigate the triggering event, and shall not target a specific racial or ethnic group.  For those inmates whose movement has been restricted, movement may be authorized on a case-by-case basis for essential or emergency services, such as medical, dental, mental health, or law library visits.  The routine and/or temporary restrictions on inmate movement or yard activities, which do not last longer than 24 hours, are not considered a program modification.

21.    CDCR will train its staff who are responsible for implementing and managing modified programs and lockdowns regarding the revised policies and procedures concerning modified programs and lockdowns.  This training shall include written instructions describing

5

1   how to complete the threat-assessment form and the Form 812, and how to evaluate whether the

2   Form 812 and the documents on which it is based are sufficiently reliable and current to warrant

3   an affirmative notation on the threat-assessment form regarding security-threat-group status.  The

4   parties will work together to develop agreed-upon training materials.

5       22.    Jose Morales (P-63392) and his attorneys, the Prison Law Office, will jointly move to:

6   (1) discharge the Order to Show Cause re Contempt with prejudice in the habeas proceeding *In re*

7   *Jose Morales*, Case No. HCPB 10-5015, pending in the Superior Court of California, Del Norte

8   County; and (2) modify the terms of the July 8, 2011 order in that case to conform to the terms set

9   forth herein.

10      23.    For a period of eighteen months after the Court grants preliminary approval of this

11  Stipulation, or through the 120-day period after the Court grants final approval of the Stipulation,

12  whichever is later, CDCR will provide Plaintiffs' counsel, under the protective order in place in

13  this matter, with all sections of all program-status reports generated at CDCR's prisons in

14  California that house adult male inmates.  On or before the fifteenth of each month after the Court

15  grants preliminary approval of this Stipulation, CDCR will provide the program-status reports

16  covering the prior month.

17      24.    During the eighteen-month period after the Court grants preliminary approval of this

18  Stipulation, or through the 120-day period after the Court grants final approval of the Stipulation,

19  whichever is later, Plaintiffs' counsel shall be entitled to meet with CDCR officials and

20  Defendants' counsel on a quarterly basis on mutually agreeable dates to discuss questions and

21  concerns regarding modified programs and lockdowns and CDCR's compliance with this

22  Stipulation.

23

24      **D.    TERMINATION**

25      25.    Plaintiffs shall have thirty days after the end of the eighteen-month period, or after the

26  end of the 120-day period following the date on which the Court grants final approval of the

27  Stipulation, whichever is later, to seek an extension, not to exceed twelve months, of this

28  Stipulation and the Court's jurisdiction over this matter by presenting evidence that demonstrates

6

1   by a preponderance of the evidence that current and ongoing violations of the Equal Protection

2   Clause or Eighth Amendment of the United States Constitution exist on a system-wide basis as a

3   result of CDCR's modified-program and lockdown policies.  Defendants shall have an

4   opportunity to respond to any such evidence presented to the Court and to present their own

5   evidence.  If Plaintiffs do not file a motion to extend court jurisdiction within the periods noted

6   above, or if the evidence presented fails to satisfy their burden of proof, this Stipulation and the

7   Court's jurisdiction over this matter shall automatically terminate, and the injunctive relief claims

8   in this case shall be dismissed with prejudice.

9         26.    Brief and isolated constitutional violations shall not constitute evidence of an ongoing,

10   system-wide policy and practice of implementing modified programs and lockdowns that violate

11   the Constitution, and shall not constitute grounds for continuing this Stipulation or the Court's

12   jurisdiction over this matter.

13         27.    If the Court's jurisdiction and this Stipulation are extended by Plaintiffs' motion, they

14   shall both automatically terminate at the end of the extension period and the case shall be

15   dismissed unless Plaintiffs make the same showing described in Paragraph 25, in which case the

16   Court's jurisdiction and this Stipulation shall be extended for another limited term, not to exceed

17   twelve months, before automatically terminating.

18         28.    To the extent that this Stipulation and the Court's jurisdiction over this matter are

19   extended under this agreement beyond the initial eighteen-month period, CDCR's production of

20   program-status reports to Plaintiffs' counsel will be extended for the same period.

21         29.    Notwithstanding any provision in this Stipulation, at any time after the initial

22   eighteen-month period, or after the end of the 120-day period following the date on which the

23   Court grants final approval of the Stipulation, whichever is later, Defendants and CDCR may

24   seek termination of this case and the Court's jurisdiction under the Prison Litigation Reform Act,

25   18 U.S.C. §3626(b)(1)(A).

26         30.    It is the intention of the parties in signing this Stipulation that upon completion of its

27   terms it shall be effective as a full and final release from all claims for injunctive relief asserted in

28

Stipulated Settlement (2:08-CV-01196-TLN-EFB)

the Second Amended Complaint.  Nothing in this Stipulation will affect the rights of Plaintiffs

regarding legal claims that arise after the dismissal of this case.

### E.    MODIFICATION OF POLICIES

31.    CDCR may modify the revised policies concerning lockdowns and modified

programs at any time, provided that the modified policies comply with the terms of this

Stipulation and the Constitution of the United States, and contain the elements described in

paragraphs 15 through 21 above.  If CDCR decides to modify the revised policies before this case

is terminated, it will provide Plaintiffs' attorneys with a draft of the modified policies at least

thirty days before implementation, and offer an opportunity for Plaintiffs to meet and confer with

CDCR about the policies.

### F.    JOINT MOTION AND STAY OF PROCEEDINGS

32.    The parties will jointly request that the Court preliminarily approve this Stipulation,

require that notice of the proposed settlement be sent to the class, and schedule a fairness hearing.

The parties will also file a proposed order granting preliminary approval of the Stipulation, in the

form attached hereto as Exhibit A.  With this motion the Parties will also jointly request that the

Court stay all other proceedings in this case pending resolution of the fairness hearing.  Following

the close of the objection period, the Parties will jointly request that the Court enter a final order

containing all of the elements included in the proposed order attached hereto as Exhibit B,

approving this Stipulation, retaining jurisdiction to enforce it, and continuing the stay of the case

pending the completion of the Stipulation's terms.

### G.    DISPUTE RESOLUTION AND ENFORCEMENT

33.    If Plaintiffs contend that CDCR is violating the terms of this Stipulation by

implementing race-based modified programs or lockdowns, Plaintiffs shall provide Defendants

with a brief written description of the basis for that contention and may request that the parties

meet and confer to resolve the issue.  Defendants shall respond to Plaintiffs' concerns no later

8

1    than 30 days after receipt of Plaintiffs' written description of the issue.  If the parties are unable to

2    resolve the issue informally, Plaintiffs may seek enforcement of the Stipulation by order of this

3    Court.  Plaintiffs must demonstrate by a preponderance of the evidence that CDCR is in material

4    breach of its obligation to prohibit the implementation of race-based modified programs and

5    lockdowns.  Defendants shall have an opportunity to respond to any such evidence presented to

6    the Court and to present their own evidence in opposition to any enforcement motion.  If

7    Plaintiffs have demonstrated by a preponderance of the evidence a material noncompliance with

8    these terms, then for the purposes of Plaintiffs' enforcement motion only, the parties agree that

9    Plaintiffs will have also demonstrated a violation of a federal right and that the Court may order

10   enforcement consistent with the requirements of 18 U.S.C. § 3626(a)(1)(A).

11       34.    The parties agree that the other terms of this Stipulation shall also be enforceable by

12   order of this Court.  If Plaintiffs contend that CDCR has not substantially complied with any other

13   terms of this agreement, Plaintiffs shall provide Defendants with a brief written description of the

14   basis for that contention and may request that the parties meet and confer to resolve the issue.

15   Defendants shall respond to Plaintiffs' concerns no later than 30 days after they receive Plaintiffs'

16   written description of the issue.  If the parties are unable to resolve the issue informally, Plaintiffs

17   may seek enforcement of the Stipulation by order of this Court.  It shall be Plaintiffs' burden in

18   making such a motion to demonstrate by a preponderance of the evidence that Defendants have

19   not substantially complied with the terms of the Stipulation.  Defendants shall have an

20   opportunity to respond to any such evidence presented to the Court and to present their own

21   evidence in opposition to Plaintiffs' motion.  If Plaintiffs satisfy their burden of proof by

22   demonstrating substantial noncompliance with the Stipulation's terms by a preponderance of the

23   evidence, then the Court may issue an order to achieve substantial compliance with the

24   Stipulation's terms.

25

26       **H.    ATTORNEYS' FEES AND COSTS**

27       35.    Defendants agree to pay Plaintiffs' counsel attorneys' fees and costs for work

28   reasonably performed on this case, including monitoring CDCR's compliance with this

9

1   Stipulation and enforcing this Stipulation, at the hourly rate set forth under the Prison Litigation

2   Reform Act, 42 U.S.C. § 1997e(d).  The Prison Litigation Reform Act applies to all applications

3   for attorneys' fees in this case.  Plaintiffs shall have sixty days from the entry of a final order

4   approving this Stipulation to file their motion for attorneys' fees and costs for work reasonably

5   performed before that date.  Subject to the provisions under 42 U.S.C. §§ 1988 and 1997e,

6   Plaintiffs' motion may request an award that includes their expert fees.  On a quarterly basis,

7   Plaintiffs may file motions for reasonable attorneys' fees accrued in monitoring and enforcing

8   CDCR's compliance with this Stipulation.

9        36.    The notice to the class members shall explain that Plaintiffs will file a motion for

10  attorneys' fees following entry of a final order approving the Stipulation.

11

12       **I.    CONSTRUCTION OF STIPULATION**

13       37.    This Stipulation reflects the entire agreement of the parties and supersedes any prior

14  written or oral agreements between them.  No extrinsic evidence whatsoever may be introduced

15  in any judicial proceeding to provide the meaning or construction of this Stipulation.  Any

16  modification to the terms of this Stipulation must be in writing and signed by a CDCR

17  representative and attorneys for Plaintiffs and Defendants to be effective or enforceable.

18       38.    This Stipulation shall be governed and construed according to California law.  The

19  parties waive any common-law or statutory rule of construction that ambiguity should be

20  construed against the drafter of this Stipulation, and agree that the language in all parts of this

21  Stipulation shall in all cases be construed as a whole, according to its fair meaning.

22       39.    This Stipulation shall be valid and binding on, and faithfully kept, observed,

23  performed, and be enforceable by and against the parties, their successors and assigns.

24       40.    The obligations governed by this Stipulation are severable.  If for any reason a part of

25  this Stipulation is determined to be invalid or unenforceable, such a determination shall not affect

26  the remainder.

27

28

1     41.   The waiver by one party of any provision or breach of this Stipulation shall not be

2   deemed a waiver of any other provision or breach of this Stipulation.

3

4   **IT IS SO STIPULATED**

5

6   Dated: 10/20/14

                                              Jeffrey Beard, Ph.D., Secretary, California
7                                              Department of Corrections and Rehabilitation

8                                              KAMALA D. HARRIS
                                              Attorney General of California
9

10
    Dated: 10-20-14
11                                              Damon McClain
                                              Supervising Deputy Attorney General
12                                              *Attorneys for Defendants M. Cate, S.*
                                              *Kernan, T. McDonald, G. Giurbino, J.*
13                                              *Tilton, T. Felker, M. Wright, F. Foulk, D.*
                                              *Vanderville, J. Owen, and D. Hellwig*
14

15

16                                              Prison Law Office

17

18   Dated: 1/21/14

19                                              Rebekah Evenson
                                              *Attorneys for Plaintiffs Robert Mitchell, Alvaro*
20                                              *Quezada, and the Plaintiff Class*

21

22                                              Bingham McCutchen LLP

23

24   Dated: 10/22/14

25                                              Geoffrey Holtz
                                              *Attorneys for Plaintiffs Robert Mitchell, Alvaro*
26                                              *Quezada, and the Plaintiff Class*

27

28   SA2011300596

                                              11

# EXHIBIT  A

1   KAMALA D. HARRIS, State Bar No. 146672
    Attorney General of California
2   DAMON G. MCCLAIN, State Bar No. 209508
    Supervising Deputy Attorney General
3     455 Golden Gate Avenue, Suite 11000
      San Francisco, CA  94102-7004
4     Telephone:  (415) 703-5750
      Fax:  (415) 703-5843
5     E-mail:  Damon.Mcclain@doj.ca.gov
    *Attorneys for Defendants M. Cate, S. Kernan, T.*
6   *McDonald, G. Giurbino, J. Tilton, T. Felker, M.*
    *Wright, F. Foulk, D. Vanderville, J. Owen, and*
7   *D. Hellwig*

8   PRISON LAW OFFICE
    DONALD SPECTER (SBN 83925)
9   REBEKAH EVENSON (SBN 207825)
10  1917 Fifth Street
    Berkeley, California 94710-1916
11  Telephone: (510) 280-2621
    Facsimile: (510) 280-2704
12  dspecter@prisonlaw.com
    revenson@prisonlaw.com
13  *Attorneys for Plaintiff Robert Mitchell, Alvaro*
    *Quezada, and the Plaintiff class*
14

15                    IN THE UNITED STATES DISTRICT COURT

16                   FOR THE EASTERN DISTRICT OF CALIFORNIA

17                            SACRAMENTO DIVISION

18

19  **ROBERT MITCHELL, et al.,**            2:08-CV-01196-TLN-EFB

20                           Plaintiffs,

21         v.                             **[PROPOSED] ORDER GRANTING**
                                          **PRELIMINARY APPROVAL OF CLASS**
22                                        **ACTION SETTLEMENT**
    **MATTHEW CATE, et al.,**
23                                        Courtroom:    2
                            Defendants.   Judge:        Hon. Troy L. Nunley
24                                        Action Filed:  May 30, 2008

25

26

27

28
                                    1

1      Plaintiffs in this action, Robert Mitchell, Alvaro Quezada, and a class consisting of all male

2  prisoners who are now, or will in the future be, subjected to CDCR's modified program and

3  lockdown policy, allege that CDCR has a policy and practice of implementing modified programs

4  and lockdowns that violate the Eighth Amendment and the Equal Protection Clause of the United

5  States Constitution.  Plaintiffs claim that they are entitled to statewide injunctive relief to address

6  their claims.

7      The parties have entered into a Stipulated Settlement that was filed with their Joint Motion

8  for Preliminary Approval of Class Action Settlement, which would settle all claims for injunctive

9  relief in this case.  The parties have submitted a proposed Notice to the Class, as well as a

10  proposed order regarding the distribution of the order to the plaintiff class.

11      This Court has presided over the proceedings in the above-captioned action and has

12  reviewed all of the pleadings, records, and papers on file.  The Court has reviewed the Joint

13  Motion for Preliminary Approval of Class Action Settlement, along with the Stipulated

14  Settlement and supporting documents, and has considered the parties' arguments concerning the

15  proposed settlement of this class action.

16      The Court has determined that inquiry should be made regarding the fairness and adequacy

17  of this proposed settlement.

18      Accordingly, good cause appearing, IT IS ORDERED AS FOLLOWS:

19      1.      A court should preliminarily approve a class action settlement if it "appears to be

20  the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does

21  not improperly grant preferential treatment to class representatives or segments of the class, and

22  falls within the range of possible approval." *In re Tableware Antitrust Litig*., 484 F. Supp. 2d

23  1078, 1079 (N.D. Cal. 2007).  The Court finds that this standard is met in this case, as the

24  proposed settlement is the product of arm's-length, serious, informed, and non-collusive

25  negotiations between experienced and knowledgeable counsel who have actively prosecuted and

26  defended this litigation.  The Court further finds that, for purposes of settlement only, the

27  Stipulated Settlement meets the requirements of 18 U.S.C. § 3626(a)(1). The Stipulated

28  Settlement attached hereto is granted preliminary approval and incorporated by reference herein,

2

1   subject to the right of class members to challenge the fairness, reasonableness, or adequacy of the

2   Stipulated Settlement.

3         2.     Under Federal Rule of Civil Procedure 23(e)(1), the Court approves the substance,

4   form and manner of the Notice of Proposed Class Action Settlement (the "Notice") filed by the

5   parties on _____, and finds that the proposed method of disseminating the Class Notice

6   meets all due process and other legal requirements and is the best notice practicable under the

7   circumstances.

8         3.     Within three days of this Order, the parties are directed to prepare a final version

9   of the Notice, incorporating the dates set forth in this Order.

10         4.     Within thirty days of this Order, CDCR is directed to post the Notice in English

11   and Spanish in all housing units of all prisons housing prisoners subject to CDCR's modified

12   program and lockdown policy in such a manner as to make the notice visible to all prisoners.

13   Within thirty days of this Order, CDCR is also directed to place a copy of this Order and the full

14   Stipulated Settlement in every CDCR library.  Defendants must file and serve on Plaintiffs'

15   counsel a declaration affirming that notice was published as required in this order.

16         5.     A Final Fairness Hearing shall take place at _____ a.m. on _____  at the

17   United States District Court for the Eastern District of California, United States Courthouse, 501 I

18   St., Sacramento CA 95814, in Courtroom 2, to determine whether the proposed settlement of this

19   action on the terms and conditions provided for in the Stipulated Settlement is fair, reasonable,

20   and adequate and should be finally approved by the Court, and whether this action should be

21   dismissed under the settlement.  The hearing may be continued from time to time without further

22   notice to the class.  Any further briefing from the parties in advance of the hearing shall be filed

23   no later than _____.

24         6.     Any member of the class may enter an appearance on his or her own behalf in this

25   action through that class member's own attorney (at their own expense), but need not do so.

26   Class members who do not enter an appearance through their own attorneys will be represented

27   by Class counsel.  Alternatively, any member of the class may write to the federal court about

28   whether the settlement is fair.  The federal court will consider written communications when

3

deciding whether to approve the settlement.  Comments regarding the fairness of the settlement MUST include at the top of the first page the case name (*Mitchell v. Cate et al.*) and the case number 2:08-CV-01196-TLN-EFB.  A written comment must contain the author's full name and CDCR number, must include all objections and the reasons for them, must include any and all supporting papers (including, without limitation, all briefs, written evidence, and declarations), and must be signed by the Class Member.  A Class Member who desires to comment but who fails to comply with the above objection procedure and timeline shall be deemed to have not objected and the objection shall not be heard or considered at the hearing.  Comments must be postmarked by _____ and must be sent to the following address:

Clerk of the Court
United States District Court
Eastern District of California
501 "I" Street
Sacramento, CA 95814

IT IS SO ORDERED.

DATED: _____, 2014

Troy L. Nunley
Judge of the United States District Court

SA2011300596

4

# EXHIBIT  B

1   KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California

2   DAMON G. MCCLAIN, State Bar No. 209508
Supervising Deputy Attorney General

3    455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004

4   Telephone:  (415) 703-5750
Fax:  (415) 703-5843

5   E-mail:  Damon.Mcclain@doj.ca.gov

*Attorneys for Defendants M. Cate, S. Kernan, T.*

6   *McDonald, G. Giurbino, J. Tilton, T. Felker, M.*
*Wright, F. Foulk, D. Vanderville, J. Owen, and*

7   *D. Hellwig*

8   PRISON LAW OFFICE
DONALD SPECTER (SBN 83925)

9   REBEKAH EVENSON (SBN 207825)

10    1917 Fifth Street
Berkeley, California 94710-1916

11   Telephone: (510) 280-2621
Facsimile: (510) 280-2704

12   dspecter@prisonlaw.com
revenson@prisonlaw.com

13   *Attorneys for Plaintiff Robert Mitchell*

14

15            IN THE UNITED STATES DISTRICT COURT

16          FOR THE EASTERN DISTRICT OF CALIFORNIA

17               SACRAMENTO DIVISION

18

19

20   **ROBERT MITCHELL, et al.,**       2:08-CV-01196-TLN-EFB

21                 Plaintiffs,

22       v.             **[PROPOSED] ORDER GRANTING**
**FINAL APPROVAL OF CLASS ACTION**
**SETTLEMENT**

23   **MATTHEW CATE, et al.,**

24              Defendants.  Courtroom:   2
Judge:      Hon. Troy L. Nunley

25                       Action Filed:  May 30, 2008

26

27

28

**INTRODUCTION**

This matter comes before the Court upon consideration of the parties' motion to approve the proposed agreement to settle this matter. Having considered the parties' memoranda in support of the motion, responses from class members, relevant legal authority, and the record in this case, the Court finds good cause to GRANT the motion and finally approve the settlement agreement.

**BACKGROUND**

**ANALYSIS**

**I.    LEGAL STANDARDS**

Federal Rule of Civil Procedure 23(e) provides:

> A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given in all members of the class in a manner as the court directs.

This rule also requires a court "to determine whether a proposed settlement is fundamentally fair, adequate, and reasonable," and a court must consider the settlement in its entirety rather than considering only its component parts. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *Officers for Justice v. Civil Serv. Comm'n of San Francisco*, 688 F.2d 615, 628 (9th Cir. 1982). Thus, "[t]he settlement must stand or fall in its entirety." *Officers for Justice*, 688 F.2d at 630.

In order to determine whether a proposed settlement is fair, adequate, and reasonable, a court must balance various factors, including:

> the strength of the plaintiffs' case; the risk expense, complexity, and likely duration of further litigation; the risk of maintaining class action

2

status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Torrisi v. Tuscon Elec. Power Co.*, 8 F.2d 1370, 1375 (9th Cir. 1993) (quoting *Officers for Justice*, 688 F.2d at 625).  Ultimately, "the decision to approve or reject a settlement is committed to the sound discretion of the trial judge." *Id.*

### II.  THE PARTIES HAVE MET THEIR BURDEN TO ESTABLISH THAT THE SETTLEMENT IS FAIR, REASONABLE, AND ACCURATE.

The Court has independently reviewed and considered the comments received from class members. _____ members of the class submitted comments to the Court before the deadline set by the Order Granting Preliminary Approval of Class Action Settlement.  The Court addresses these comments as follows: _____.

After considering the terms of the Stipulated Settlement, the *Torrisi* factors, and the comments and objections received from class members, the Court finds that the settlement is fair, reasonable, and adequate, as it is the product of arm's-length, serious, informed, and non-collusive negotiations between experienced and knowledgeable counsel who have actively prosecuted and defended this litigation.  The Court further finds that, for purposes of settlement only, the Stipulated Settlement meets the requirements of 18 U.S.C. § 3626(a)(1).

Good cause appearing, IT IS ORDERED AS FOLLOWS:

1)  The Stipulated Settlement attached hereto is incorporated herein by reference.

2)  The Court grants final approval of the Stipulated Settlement.

3)  The Court retains jurisdiction over this matter to enforce the terms of the Stipulated Settlement.

4)  All other unrelated matters pending in this case are stayed pending completion of the Stipulated Settlement's terms.

3

5)  The parties are directed to meet and confer regarding the contents of a notice to the Plaintiff class regarding final approval of the settlement, and the timing and manner by which such notice will be provided.

**IT IS SO ORDERED.**

DATED: _____, 2014

_____
Troy L. Nunley
Judge of the United States District Court

SA2011300596

4